UNITED STATES, Appellee

v

DONNIE GATEWOOD, JR., Private,
U. S. Marine Corps, Appellant

15 USCMA 433, 35 CMR 405

*Lieutenant John Thomas Montag,* USNR, argued the cause for Appellant, Accused.

*Major Daniel F. McConnell,* USMC, argued the cause for Appellee, United States. With him on the brief was *Captain James A. Potter,* USN.

## Opinion of the Court

QUINN, Chief Judge:

While celebrating his birthday, the accused consumed a quantity of beer and wine. He got "pretty high," and caused "a lot of disturbance down in the barracks," which led to the filing of the several specifications and charges against him. Although convicted of all charges by a special court-martial convened at Service Battalion, Marine Corps Schools, Quantico, Virginia, the only ones which survived review by the supervisory authority are two specifications of assault with a dangerous weapon, in violation of Article 128, Uniform Code of Military Justice, 10 USC § 928. The approved sentence includes a bad-conduct discharge. The question presented by this appeal is whether the accused was denied the right to military counsel of his own choice, in violation of Article 38(b) of the Uniform Code, supra, 10 USC § 838.

On September 17, 1964, the charges were referred to a special court-martial for trial. The appointed defense counsel was not a lawyer, but was qualified for duty as counsel in special courts-martial, under the provisions of Article 27 of the Uniform Code, supra, 10 USC § 827. See United States v Culp, 14 USCMA 199, 33 CMR 411. After the charges were served, appointed defense counsel filed with the convening authority accused's request for "counsel qualified in the sense of

Article 27, UCMJ." The request was forwarded to the Commandant, Marine Corps Schools, as the general court-martial authority. It was denied by endorsement, as follows:

"1. Returned, the request for counsel is denied.

"2. The present general court-martial and Article 32 case load of counsel of this headquarters preclude assignment in Private Donnie GATEWOOD's case. None are reasonably available.

/s/ N. M. Bennett
N. M. BENNETT
By direction."

About three weeks later, the charges came on for trial. Before the accused's arraignment, defense counsel was twice asked whether the accused had been advised of his right to be represented by civilian counsel or individual military counsel of his own selection, as provided in Article 38(b) of the Uniform Code. Both times, defense counsel indicated the accused had had such advice, but desired to be represented by appointed defense counsel. No mention was made of the pretrial application for a military lawyer; and no motion was presented for a continuance to obtain civilian counsel or individually chosen military counsel.

Every accused before a special court-martial must have military counsel appointed to represent him. Article 27,

Uniform Code, supra. See also United States v Culp, supra. In addition, the accused has the right to be represented "by civilian counsel if provided by him, or military counsel of his own selection if reasonably available." Article 38(b), Uniform Code, supra, 10 USC § 838. These provisions of the Uniform Code are discussed in paragraph 48 of the Manual for Courts-Martial, United States, 1951. For the purposes of this appeal we may assume that the accused's generalized request for "counsel qualified in the sense of Article 27, UCMJ" was sufficient under Article 38 (b) to constitute the selection of a military lawyer of the accused's own choice. See United States v Cutting, 14 USCMA 347, 350, 34 CMR 127.

The accused's right to military counsel of his own choice is not absolute. The authority to whom a request for individual military counsel is submitted has discretion to determine whether counsel is available for the assignment. Many circumstances have to be considered, including the fact that the assignment of the specially requested counsel should not "obstruct either other important operations of the service concerned or the orderly administration of military justice." United States v Vanderpool, 4 USCMA 561, 566, 16 CMR 135. A determination of ▌ nonavailability is subject to review for abuse of discretion. United States v Cutting, supra, at page 351. See also United States v Davis, 1 USCMA 102, 104, 2 CMR 8. In reviewing the determination, the question essentially is whether it was based upon reasonable considerations.

A discretionary decision cannot be reviewed meaningfully if the bases for the decision are not clearly set out. Only when the reasons for the conclusion are specified can the reviewing authority determine that the decision rests upon a sound base and applies correct rules of law. United States v Cutting, supra, at page 352. See also Whittaker v Overholser, 299 F2d 447 (CA DC Cir) (1962); Securities and Exchange Com. v Chenery Corp., 318 US 80, 87 L ed 626, 63 S Ct 454 (1943). As we noted in the *Cutting* case, at page 352:

". . . [T]he case before us teaches the need to record the action of appropriate officers on accused's request, together with any reason for its refusal. Only then will this Court and other agencies be able to make an enlightened decision concerning its disposition before or at trial. Truly, knowledge judicially set down is the soundest basis for informed action and when it is absent, we are faced with the unsatisfactory alternatives of reversing in order to allow orderly development of the facts or categorically affirming a serious penalty in light of what may fairly prove to be an improper ruling concerning a fundamental right. All this can be avoided by simply making the proceedings part of the transcript when, as here, the issue arises."

We reversed the accused's conviction in the *Cutting* case because the record did not clearly indicate that his request for individual military counsel was presented to, and acted upon by, the convening authority. The accused here contends that the record of his case suffers from a similar deficiency. The record shows, and the accused does not dispute, that the request was denied "by direction" of the general court-martial authority, to whom the request had been forwarded because the convening authority apparently had no qualified lawyers in his Service Battalion command. The record, therefore, is actually materially different from that in *Cutting*. However, the accused contends that the statement given by the general court-martial authority for his determination of nonavailability is "meaningless" because it fails to "set forth sufficient facts" to justify the ruling.

Implicit in the accused's argument is a demand for more figures as to the number of lawyers upon whom the general court-martial authority could call and the case load of each. Figures of this kind may be misleading. Involvement in a single complicated case may make a lawyer unavailable for other assignments. The same lawyer, however, might easily be able to act at the same time as counsel for accused

**435**

in a number of "simple" cases. Statistics may sometimes help in the assessment of the soundness of the reason given by the general court-martial authority for his decision as to unavailability, but their absence does not *ipso facto* stamp the decision as arbitrary or unreasonable.

What is important is that the general court-martial authority gave a specific reason for his ruling, and informed the accused thereof. As noted earlier, the reason he gave was that the lawyers in his command were already engaged in actual general court-martial cases and in Article 32 hearings, which are required preliminary proceedings for general court-martial cases. True, if the case load of each lawyer had been specified numerically or descriptively, the accused might more easily have decided whether to accept the decision, or to appeal to the "next superior authority." Paragraph 48*b*, Manual for Courts-Martial, supra. But even without the numbers, the reason was substantial; and no circumstances were apparent to discredit it. Engagement of qualified counsel in cases triable by general courts-martial is a proper reason to consider them unavailable to represent accused in special courts-martial. On the face of the record, therefore, the accused's request for individual military counsel was processed according to the letter, and the spirit, of Article 38(b) of the Uniform Code, supra. The burden of supporting a claim of abuse of discretion in the ruling is, as we said in the *Cutting* case, supra, at page 352, "normally on the aggrieved party." If the accused concluded that the reason for the ruling was improper, he should have investigated the surrounding circumstances, and presented his findings in support of his contention. On the record before us, we must conclude the accused was not denied the right to individual military counsel, in violation of Article 38(b) of the Uniform Code, supra.

The decision of the board of review is affirmed.

Judges FERGUSON and KILDAY concur.