UNITED STATES, Appellee

v

MELVIN F. HARTFIELD, Yeoman Chief,
U. S. Navy, Appellant

17 USCMA 269, 38 CMR 67

No. 20,291

November 17, 1967

*Lieutenant Clinton F. Raymond,* USNR, argued the cause for Appellant, Accused.

*Lieutenant Colonel C. R. Larouche,* USMC, argued the cause for Appellee, United States. With him on the brief was *Major Ernest B. Wright,* USMC.

## Opinion of the Court

FERGUSON, Judge:

Tried by general court-martial, the accused, upon his pleas of guilty, was convicted of a number of offenses in violation of the Uniform Code of Military Justice and sentenced to bad-conduct discharge and reduction. Intermediate appellate authorities affirmed, and we granted accused's petition upon the issue whether it was prejudicial error for the staff legal officer to fail to refer his pretrial request

**269**

for the services of individual counsel to the convening authority for action.

From the record of trial, it appears that the accused requested a particular legal officer, who was a member of the convening authority's staff, to serve as his defense counsel. It also appears that his request was denied. In the post-trial review, however, the staff legal officer noted "the decision that LCDR Woods was not reasonably available was a routine action of the District Legal Officer *and was not referred to the convening authority for his personal determination.*" [Emphasis supplied.]

The decision whether individual counsel is reasonably available is one for the determination of the convening authority and is not a "routine action" to be handled by a staff legal officer. United States v Cutting, 14 USCMA 347, 34 CMR 127. The board thought the matter waived by the accused's failure to renew his request at trial, but it appears his inaction there was on the premise that the convening authority had denied his request, when, in fact, such was not the case. United States v Mitchell, 15 USCMA 516, 36 CMR 14. Indeed, it further appears that it was not until the publication of the post-trial review that the true state of affairs was made known. Moreover, as we said in *Cutting,* supra, "Courts indulge every reasonable presumption against the waiver of fundamental rights and do not presume acquiescence in their denial. Johnson v Zerbst, 304 US 458, 82 L ed 1461, 58 S Ct 1019 (1938); United States v Mulvey, 10 USCMA 242, 27 CMR 316." And, "The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial." Glasser v United States, 315 US 60, 76, 86 L ed 680, 62 S Ct 457, 467 (1942). We, therefore, deem the failure to refer accused's request for counsel to the convening authority for action to have been prejudicially erroneous.

The findings of guilty and the sentence are set aside. The decision of the board of review is reversed, and the record of trial is returned to the Judge Advocate General of the Navy. After accused has been afforded the opportunity to have proper action on his request for counsel, a rehearing may be ordered.

Chief Judge QUINN and Judge KILDAY concur.