UNITED STATES

v.

**Airman Lemuel N. BROWN, III, FR 435–64–4968, 2d Communications Squadron, Lowry Technical Training Center (ATC).**

**ACM 21969.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 8 Aug. 1975.

Decided 17 March 1976.

Appellate Counsel for the Accused: Colonel Jerry E. Conner and Major John A. Cutts III.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain Frederick P. Waite.

Before LeTARTE, EARLY and FORAY, Appellate Military Judges.

DECISION

LeTARTE, Chief Judge:

Contrary to his pleas, the accused was convicted of rape, assault consummated by a battery, indecent assault and impersonating a noncommissioned officer, in violation of Articles 120, 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 928, 934. The approved sentence extends to dishonorable discharge, total forfeitures, confinement at hard labor for nine years and reduction in grade to airman basic.

Appellate defense counsel have assigned five errors and have invited our attention to a list of errors asserted on the accused's behalf by his trial defense counsel. We will discuss only one of the issues thus raised wherein appellate defense counsel contend that prejudicial error resulted from the denial of the accused's request for individual defense counsel.

On 23 May 1975, an officer was appointed by the general court-martial convening authority to investigate the charges against the accused. On 27 June 1975, during the course of this investigation, the accused forwarded a letter to Headquarters, United States Air Force, requesting that Captain Diaz, a circuit trial counsel,[1] be made available to represent him as individual counsel. This request was denied, on 1 July 1975, by The Judge Advocate General[2] who cited

---

1. Circuit trial counsel are defined as judge advocates who are certified in accordance with Article 27(b)(2), Code, *supra*, and "whose primary duty is as trial counsel at general courts-martial." Air Force Manual 111–1(C 1), Military Justice Guide, 25 August 1975, paragraph 13–2i.

2. The initial determination of the availability of requested counsel is usually made by the con-

vening authority. Manual for Courts-Martial, 1969 (Rev.), paragraph 48b; *United States v. Vanderpool*, 4 U.S.C.M.A. 561, 16 C.M.R. 135 (1954). However, paragraph 13–15a(4), AFM 111–1, *supra*, provides that requests for circuit trial counsel to act as individual defense counsel must be submitted to The Judge Advocate General.

Captain Diaz' duty assignment as the principal reason for declaring him unavailable. At trial, the accused renewed his request for Captain Diaz who by then had been appointed trial counsel and was acting in that capacity. When his request was again denied, the accused elected to be defended by his regularly appointed counsel.

Appellate defense counsel argue that since AFM 111–1, "contemplates that in some cases a circuit trial counsel may be [made] available to act as individual counsel," the denial of such a request in the instant case on the sole basis of Captain Diaz' duty assignment was unreasonable. We disagree.

Neither the Uniform Code of Military Justice nor the Manual for Courts-Martial prescribes criteria for determining the availability of requested military counsel. It is well-established, however, that there must be a "sound reason for denying to the accused the services of the representative whom he seeks." *United States v. Cutting*, 14 U.S.C.M.A. 347, 351, 34 C.M.R. 127, 131 (1964); *United States v. Quinones*, 23 U.S. C.M.A. 457, 50 C.M.R. 476, 1 M.J. 64 (1975). Nevertheless, an accused does not have an absolute right to military counsel of his own selection. His request is subject to "the exigencies and practicalities of whatever situation may obtain at the time" and may not "be insisted on in such a manner as to obstruct either other important operations of the service concerned or the orderly administration of military justice." *United States v. Vanderpool, supra*; *United States v. Gatewood*, 15 U.S.C.M.A. 433, 35 C.M.R. 405 (1965).

In *Quinones, supra*, the Court of Military Appeals found that the convening authority had abused his discretion in denying the accused's request for individual counsel where the reason given, the requested officer's "heavy" workload, was not substantiated by the relevant circumstances outlined at trial. Here, too, the evidence presented by Captain Diaz fails to demonstrate that he was not reasonably available because of an actual, or anticipated, workload. Moreover, in declaring Captain Diaz unavailable, The Judge Advocate General did not attempt to justify his determination on the basis of Captain Diaz' specific workload. He simply grounded his denial on Captain Diaz' assignment "to *full time* duties as trial counsel on general courts-martial" and the requirement that Captain Diaz be available "from time to time . . . to prosecute general courts-martial in the other six Trial Judiciary Circuits." Emphasis supplied.

Nevertheless, there was no abuse of discretion in denying the accused's request. As indicated in *Vanderpool, supra*, workload is not the sole criterion for determining requested counsel's availability within the meaning of Article 38(b), Code, *supra*. "[T]he question essentially is whether [the determination] was based upon reasonable considerations." *United States v. Gatewood, supra*. Hence, in order to assure "the orderly administration of military justice," such considerations would have to include the nature of requested counsel's regularly assigned duties in determining whether it is "practical" to make him available. *United States v. Vanderpool, supra*; *United States v. Gatewood, supra*.

The Judge Advocate General alluded to these considerations in his letter denying the accused's request when he cited Captain Diaz' "full time" duties as circuit trial counsel and advised the accused that his request was "equivalent to an indigent defendant in a civilian jurisdiction asking a Circuit Judge to appoint the District Attorney as his defense counsel." While this comparison may not be precise, we believe the judicial responsibilities of circuit trial counsel should preclude their employment as defense counsel.[3]

Furthermore, there was a practical reason for declaring Captain Diaz unavailable.

---

3. Such a provision would not, in our opinion, be inconsistent with Article 38(b). Presently, however, paragraph 13–15b, AFM 111–1, *supra*, provides that circuit trial counsel may be made available to act as defense counsel. Nevertheless, the manual provision cautions that circuit trial counsel's availability "should not be anticipated."

At the time the accused's request was received, two defense counsel, both experienced judge advocates, had already been appointed to represent the accused.[4] Considering the limited number of judge advocates assigned to The Judge Advocate General's Department, it is difficult enough to provide qualified counsel for an accused without having the system further strained by requests for counsel who are regularly assigned duties as full time prosecutors. Therefore, though an accused's request for counsel of his own selection must be given the highest priority, the evaluation of an official's discretion in denying such a request must include consideration of the quality of representation already furnished the accused before his request was submitted. See *United States v. Vanderpool, supra.*

Accordingly, balancing the factors discussed above against the desirability of providing the accused with military counsel of his own choosing, we find that The Judge Advocate General did not abuse his discretion in denying the accused's request for Captain Diaz.

The findings of guilty and the sentence are

AFFIRMED.

FORAY, Judge, concurs.

EARLY, Judge, absent.

---

4. And a circuit defense counsel was added to the defense team at trial. In contrast, in *Cutting, Gatewood* and *Quinones,* all *supra,* none of the officers who represented the accused were military lawyers.