**UNITED STATES, Appellee,**

v.

**Private (E–2) Charles E. SMITH, SSN 547–94–8894, United States Army, Appellant.**

**CM 433028.**

U. S. Army Court of Military Review.

26 July 1977.

Colonel Alton H. Harvey, JAGC, Lieutenant Colonel James Kucera, JAGC, Captain John C. Carr, JAGC, and Captain Johnny D. Mixon, JAGC, were on the pleadings for appellant.

Lieutenant Colonel Donald W. Hansen, JAGC, Lieutenant Colonel John T. Sherwood, Jr., JAGC, Captain John F. DePue, JAGC, and Captain Regis J. McCoy, JAGC, were on the pleadings for appellee.

Before COOK, Senior Judge, and DRIBBEN and DeFORD, JJ.

## OPINION OF THE COURT

COOK, Senior Judge:

The controlling issue in this case concerns a ruling by the trial judge. The regularly appointed trial defense counsel, in his effort to challenge the pretrial decision that individual military counsel requested by accused was not reasonably available,[1] informed the trial judge that he desired to present evidence. The trial counsel, on inquiry from the judge, interposed no objection. Nevertheless, the trial judge declined to permit the defense counsel to proceed. The judge's rationale appears in the following excerpt from the record of trial.

> "MJ: In effect, then, you are asking me to substitute my judgment as to her work load and whether or not if she were made available it would not seriously disrupt the orderly operation of the Office of the Staff Judge Advocate here at Fort Belvoir?
>
> DC: Yes, Your Honor.
>
> MJ: Because the Commanding General of TRADOC has assigned a reason why he has determined not to make Captain Casper available, first, because of her absence until 20 October, but particularly because he has determined that she does in fact have a heavy work load and that she is not reasonably available, it would seriously disrupt the operation of the Office of

the Staff Judge Advocate, I find that he has assigned an acceptable reason for his denial of your appeal and that it is not a capricious or unreasonable reason, for instance, that she is not being made available because of some frivolous reason. I am going to rule that I will not hold a hearing to determine for my own mind how heavy her work load may be or how urgent is her presence in the Procurement Division here at Fort Belvoir may be. I find that the accused has been given his right to request her as individual counsel, that her commanding officer has determined that she is not reasonably available, and, further, upon appeal that the next senior commanding officer has confirmed in his mind that she is not reasonably available. So, I am not going to go behind it since he has assigned a proper reason or reasons for her unavailability. So, your request to hold a hearing on this matter is denied."

While the initial determinations concerning the availability of counsel are to be made by the counsel's commanding officer, and if appealed, by the next higher authority, those decisions are not final. They are subject to review at the trial and appellate levels. *United States v. Cutting,* 14 U.S.C.M.A. 347, 34 C.M.R. 127 (1964). The burden, however, of establishing the incorrectness of these prior decisions lies with the trial defense counsel. *United States v. Mitchell,* 15 U.S.C.M.A. 516, 36 C.M.R. 14 (1965); *United States v. Gatewood,* 15 U.S.C.M.A. 433, 35 C.M.R. 405 (1965). Obviously, counsel cannot meet this burden if the trial judge forecloses the issue by refusing to permit the presentation of evidence. The fact that the earlier denials contain *prima facie* valid reasons for determining that the counsel requested was unavailable is not sufficient justification for

---

1. *See* paragraph 48*b*, Manual for Courts-Martial, United States, 1969 (Revised edition).

the trial judge to refuse to examine the matter in depth. In *United States v. Quinones,* 23 U.S.C.M.A. 457, 50 C.M.R. 476, 1 M.J. 64 (1975), the United States Court of Military Appeals reversed a case in which the original determinations set out acceptable reasons for the conclusion that the requested counsel was not reasonably available. At trial, however, the defense counsel was afforded an opportunity to present evidence that there was no reasonable factual basis for the denial (a procedure which the United States Court of Military Appeals approved of, citing *United States v. Cutting,* supra at 352, 34 C.M.R. at 132 and *United States v. Mitchell, supra* at 520, 36 C.M.R. at 18). Our high Court, using the evidence thus developed, found that the denials constituted an abuse of discretion.

In the case *sub judice,* counsel was never permitted to develop the necessary factual predicate upon which the judge could bottom a reasoned decision because of the peremptory action of the trial judge. As a result of his precipitous decision, we too are unable to review the matter.

■ Prejudice to the appellant is obvious [2] and reversal is required. *United States v. Cutting, supra; United States v. Drewery,* 45 C.M.R. 395 (A.C.M.R.1972).

The findings of guilty and the sentence are set aside. A rehearing is authorized.

Judge DRIBBEN concurs.

DeFORD, Judge, dissenting:

The appellant was convicted contrary to his pleas, at a bench trial of four specifications alleging possession, transfer, and sale of marijuana in violation of Article 134, Uniform Code of Military Justice (10 U.S.C. § 934) and sentenced to a bad-conduct discharge, confinement at hard labor for 11 months, forfeiture of all pay and allowances, and reduction to the grade of Private E–1. The convening authority approved the sentence.

On appeal, appellant through counsel specifies three assignments of error: (1) the military judge erred to appellant's substantial prejudice by denying defense counsel's request to hold an evidentiary hearing into the reasonableness of the convening authority's denial of appellant's request for individual military counsel; (2) the staff judge advocate was disqualified to review appellant's court-martial as he was called upon to review his own decision to deny appellant's request for individual military counsel; (3) the appellant was denied equal protection of the law by being charged under Article 134 for the offenses committed rather than Article 92 which provided a lesser punishment.

I will only discuss the appellant's first assignment of error.

The operative facts concerning this issue are as follows.

The appellant was charged with the offenses here in question on 25 July 1974. An Article 32 investigation was ordered on 31 July and Captain Marrah was appointed as the appellant's defense counsel. The Article 32 investigation was completed and the case was referred to trial on 29 August.

On 16 September, the appellant made a formal request to the staff judge advocate that a determination be made as to whether Captain Casper was reasonably available to serve as individual defense counsel. The following day the staff judge advocate formally responded to the appellant's request stating that Captain Casper was not reasonably available to act as individual military counsel "due to workload and the nature of her full time procurement duties." The trial commenced on 18 September and defense counsel advised the trial court of the denial and his intention to appeal the decision (R. 45). The military judge recognized that the staff judge advocate could not lawfully act upon the appellant's request and asked the trial defense counsel if he was satisfied that Captain Casper's com-

---

2. "The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial." *Glasser v.*

*United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), quoted with approval in *United States v. Hartfield,* 17 U.S.C.M.A. 269, 38 C.M.R. 67 (1967).

manding officer had considered the request. Trial defense counsel replied that he had no reason to believe that the commanding officer had not considered the matter. However, the trial judge was not satisfied with the response from the staff judge advocate and determined that the request and denial were ambiguous and directed the trial defense counsel to renew the request (R. 7) whereupon following arraignment, the court recessed pending the convening authority's response on the issue of individual counsel.

Later in the day the court reconvened and the trial counsel advised the court that the convening authority had denied the request. The reasons that were given by the convening authority were identical with the reasons given on the previous day. The defense counsel then moved for a continuance pending an appeal of the convening authority's decision.[1]

The court then recessed pending the appeal. The Commander, TRADOC, denied the appellant's appeal (App. Ex. III) on 27 September, stating that Captain Casper was scheduled to be absent from her post on official matters during the period 1–20 October 1974 and further because of her heavy workload as a full-time procurement specialist and also because her availability would disrupt the orderly operation of the office of the staff judge advocate.

The court reconvened on 15 October and the trial defense counsel indicated his desire to litigate the issue and call Captain Casper as a witness.[2] The trial judge denied the motion as he stated he believed the reasons

given were "acceptable" and that it was not capricious or unreasonable (R. 20). He refused to hold an evidentiary hearing on the issue (R. 21).

Article 38(b) of the Code authorizes an accused the right to be represented in his defense before a general or special court-martial by military counsel of his own selection if reasonably available.

The determination of availability of an individually requested counsel does not end with the decision of the convening authority and his superior.[3] The matter may be reviewed at the trial and appellate levels.[4]

The purpose of the review at the trial and appellate levels is to determine if the convening authority abused his discretion in denying the request for counsel.[5] In reviewing the determination, the question is whether it was based upon reasonable consideration.[6] Therefore, there must be a sound reason for denying the accused the services of the representative he seeks[7] and those reasons must be spread upon the record.[8]

The courts in *Gatewood, supra,* and *Cutting, supra,* both stated that the burden of supporting a claim of abuse of discretion is on the aggrieved party. If the appellant concluded that the reason for the ruling was improper, he should have investigated the surrounding circumstances and presented his findings in support of his contention.[9]

At issue before us is the question of whether in the absence of an offer of proof to the contrary, an appellant is entitled to an evidentiary hearing before the trial

1. *See* paragraph 48*b*, Manual for Courts-Martial, United States, 1969 (Revised edition).

2. An affidavit filed by Captain Casper implied that she had not been questioned concerning her workload prior to the motion. Also, Captain Casper was not available to appear before the court on 15 October 1974.

3. *United States v. Cutting,* 14 U.S.C.M.A. 347, 34 C.M.R. 127 (1964).

4. *Id. United States v. Quinones,* 23 U.S.C.M.A. 457, 50 C.M.R. 476, 1 M.J. 64 (1975); *United States v. Gatewood,* 15 U.S.C.M.A. 433, 35 C.M.R. 405 (1965).

5. *United States v. Gatewood, supra.*

6. Id. at 407.

7. *United States v. Quinones, supra,* citing *Cutting, supra.*

8. *Id.,* 50 C.M.R. at page 477, 1 M.J. at page 65.

9. *United States v. Gatewood, supra* at 408. *See also United States v. Daniels,* 23 U.S.C.M.A. 94, 48 C.M.R. 655 (1974).

court where there has been a showing made which, on its face, indicates that the convening authority and his superior have acted reasonably.

In the first instance, it must be remembered that, with regard to the act of the convening authority and his superior, both were public officers performing a quasi-statutory duty; therefore, it may be presumed that they performed their duties properly in the absence of some showing to the contrary.[10] Here, the trial defense counsel did not make an offer of proof nor did he offer any affidavits or other statements which might have indicated that there was even a possibility that the convening authority had abused his discretion. In fact, it is doubtful he investigated the matter. I believe that under these circumstances, the appellant was not entitled to an evidentiary hearing for the purpose of a "fishing expedition."[11] I do not believe that the trial judge was incorrect in his ruling.

---

10. Paragraph 138a, Manual for Courts-Martial, United States, 1969 (Revised edition).

11. This case is distinguishable from *United States v. Drewery,* 45 C.M.R. 395 (A.C.M.R. 1972). There, the trial defense counsel, in support of the motion, offered documentary evidence, the testimony of the appellant and the requested counsel. The military judge heard a portion of the offered testimony but interrupted the testimony because he believed he had no jurisdiction to hear the issue and even if he did possess the authority to hear the cause, he was satisfied that the denial was not arbitrary nor capricious. Here, the defense counsel made no showing other than to indicate his desire to call Captain Casper as a witness.