368

UNITED STATES, Appellee,

v.

Lemuel N. BROWN, III, Airman, U. S.
Air Force, Appellant.

No. 32,422.
ACM 21969.

U. S. Court of Military Appeals.

Sept. 12, 1977.

*Colonel Robert W. Norris* argued the cause for Appellant, Accused. With him on the brief were *Colonel Jerry E. Conner, Major John A. Cutts, III,* and *Major Bruce R. Houston.*

*Major Alvin E. Schlechter* argued the cause for Appellee, United States. With him on the brief was *Colonel Julius C. Ullerich, Jr.*

1. Paragraph 41*b*, Manual for Courts-Martial, United States, 1969 (Revised edition).

Opinion of the Court

PER CURIAM:

Subsequent to the announcement of findings, defense counsel unsuccessfully moved for a mistrial on the ground that a certain court member was asleep during the instructions of the military judge. The court member in sworn testimony averred that while he did not think he was totally asleep, he was "a little lethargic"; "fighting sleep"; "heavily eyelidded . . . trying to pay attention to what . . . the military judge was saying."

This physical and mental posture does not comport, we believe, with the obligation of the court member to be attentive[1] at a crucial juncture in the trial proceedings, i. e., during the instructions of the law giver to the fact finders. It is beyond argument that court members cannot preserve the accused's right to a fair trial without being attentive to adequate instructions and properly applying them to the case under consideration. Following our opinion in *United States v. Groce,* 3 M.J. 369 (C.M.A.1977), we must reverse. We do not answer the question of adequacy of instructions on findings.

The decision of the United States Air Force Court of Military Review is reversed and the findings and sentence are set aside. The record is returned to the Judge Advocate General of the Air Force. A rehearing may be ordered.

COOK, Judge (dissenting):

I set out my views on the general problem of the sleeping juror in my dissent in the *Groce*[1] case. Here, the court member specifically stated that he was not asleep, and the trial counsel disputed defense counsel's purported observations. I am satisfied that the juror's fatigue did not make him deaf to the judge's instructions nor deny the accused a fair trial. I have considered the other assignments of error and I find in them no justification for reversal of the findings of guilty. I would, therefore, affirm the decision of the Court of Military Review.

1. *United States v. Groce,* 3 M.J. 369 (C.M.A. 1977).