**UNITED STATES, Appellee,**

**v.**

**Specialist Five Charles H. FELDER, SSN 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, United States Army, Appellant.**

**SPCM 13974.**

U. S. Army Court of Military Review.

31 Oct. 1979.

Colonel Edward S. Adamkewicz, Jr., JAGC, Captain William L. Finch, JAGC, and Captain Grifton E. Carden, JAGC, were on the pleadings for appellant.

Major David McNeill, Jr., JAGC, and Captain Harry J. Gruchala, JAGC, were on the pleadings for appellee.

Before JONES, CLAUSE and LEWIS, Appellate Military Judges.

OPINION OF THE COURT

JONES, Senior Judge:

The question for our consideration is whether the convening authority abused his discretion in denying appellant's request for an individual military defense counsel who was the detailed defense counsel for another soldier charged with the same offenses.[1] For the reasons stated below we find no abuse of discretion.

The request for counsel arose in the following manner. While visiting with his detailed defense counsel, the appellant observed in the office another counsel, who was wearing the ring of a fraternal order of which appellant was a member. Appellant was not dissatisfied with his detailed counsel but sought an additional counsel with whom he felt he would have a special bond.

The requested counsel, Captain Simms, had arrived in the 2d Infantry Division only the day before appellant saw him. He had been immediately assigned five or six cases to defend, including the case of a soldier (Specialist Walker) who was one of appellant's charged co-conspirators. Captain Simms knew neither appellant nor Specialist Walker.

At the time of the request from appellant for Captain Simms as individual counsel, Captain Simms had not established an attorney-client relationship with Walker, his detailed client. He had just arrived, had been in-processing, and had not had time to speak to Walker. Recognizing the potential for conflict in defenses between appellant and Walker, Captain Simms refrained from establishing an attorney-client relationship with either until the convening authority acted on the request. Subsequently, when the convening authority denied appellant's request, Captain Simms proceeded to act as counsel for Walker. He never established an attorney-client relationship with appellant.

Appellant points out and it is undisputed that there were two other counsel in the staff judge advocate's office who could have been detailed as defense counsel for Walker, thereby freeing Captain Simms to represent appellant. These counsel were certified under Article 27(b), Uniform Code of Military Justice, as qualified defense counsel and they had some minimal trial experience but they were working in other necessary fields of law in the office during the period of time in question.

There are no criteria set out in the Uniform Code or the Manual for Courts-Martial, United States, 1969 (Revised edition) for ruling on the availability of an attorney to serve as individual military defense coun-

1. Appellant was charged with larceny of food from the messhall storage room, unlawfully entering the room to commit larceny, conspiracy to commit larceny and wrongfully selling the food in violation of Articles 121, 130, 81, and 108, Uniform Code of Military Justice. 10 U.S.C. §§ 921, 930, 881, and 908. The charge of wrongfully selling military property (food) was dismissed by the military judge. The appellant pleaded guilty to the remaining charges. Sentence adjudged: bad-conduct discharge, confinement at hard labor for three months, forfeiture of $100.00 pay per month for three months, and reduction to Private E–1. The convening authority approved the sentence and ordered it executed but suspended the bad-conduct discharge for nine months.

sel. The guidance for the convening authority in such a decision is found in the case law. The Court of Military Appeals has stated that a convening authority should be liberal in ruling on such a request and should not deny it in the absence of a sound reason; the decision should be based on reasonable considerations. *United States v. Quinones,* 1 M.J. 64 (C.M.A.1975); *United States v. Gatewood,* 15 U.S.C.M.A. 433, 35 C.M.R. 405 (1965); *United States v. Cutting,* 14 U.S.C.M.A. 347, 34 C.M.R. 127 (1964). The basis for the ruling must be shown in the record and a denial of a request is subject to review in the trial court and upon appeal for an abuse of discretion. *United States v. Gatewood, supra; United States v. Cutting, supra.*[2]

In the instant case the convening authority made his ruling primarily on the basis of the potential conflict of interest between the defenses of appellant and Walker. Obviously aware of the adjurations of the Court of Military Appeals in *United States v. Blakey,* 1 M.J. 247 (C.M.A.1976), and *United States v. Evans,* 1 M.J. 206 (C.M.A. 1975), to appoint separate counsel when accused had conflicting interests, the convening authority concluded that that consideration outweighed the policy of viewing requests for counsel liberally. Other lesser factors considered were the absence of an attorney-client relationship or even a casual acquaintanceship between appellant and the requested counsel, and the assigned caseload of the requested counsel who had just arrived in the organization.

The staff judge advocate had limited resources. He had to have some reasonable latitude in utilizing those resources. He had to consider the rights of all accused and he could not indulge the whim of one to the possible detriment of another.[3] To grant the request of appellant simply because he raced to the office with a request for individual counsel before the accused to whom that counsel was detailed had had an opportunity to speak with him would be unfair and unreasonable.[4] For that reason, we find the convening authority here had a sound basis for denying appellant's request for Captain Simms as individual counsel.

Accordingly, the findings of guilty and the sentence (as suspended) are affirmed.[5]

Judge CLAUSE and Judge LEWIS concur.

2. In reviewing the convening authority's decision for abuse of discretion the factors to be considered are the facts as they existed at the time of decision, not the facts that existed at some subsequent time such as when the request was renewed at trial. *United States v. Quinones,* 1 M.J. 64, 67 (C.M.A.1975).

3. Immediately upon his detail as defense counsel for Specialist Walker, Captain Simms had certain responsibilities toward his client. See paragraphs 46–48, Manual for Courts-Martial, United States, 1969 (Revised edition). Conversely, Walker had certain rights to counsel flowing from those responsibilities. For the convening authority to try to determine precisely the conflicts involved and the tradeoffs of counsel that could be arranged would lead to a quagmire that should be avoided.

4. Had Captain Simms spoken with Specialist Walker immediately, that presumably would have led to an attorney-client relationship and a conflict of interest with appellant that would have precluded granting the request.

5. We do not reach the question of the nature of the remedy as we find no abuse of discretion, but dismissal in this instance would not have been automatic. As no attorney-client relationship had been established between appellant and Captain Simms, there would have been the requirement to look for the possibility of specific harm. *United States v. Catt,* 1 M.J. 41, 48 (C.M.A.1975).