UNITED STATES

v.

Clyde N. HARCROW, Jr., 550 23 2979, Private (E–1), U. S. Marine Corps.

NCM 79 1067.

U. S. Navy Court of Military Review.

30 April 1980.

CAPT Allan H. Meltzer, USMCR, Appellate Defense Counsel.

CAPT John P. Hertel, USMC, Appellate Government Counsel.

Before DUNBAR, Senior Judge, and EDWARDS and GLADIS, JJ.

EDWARDS, Judge:

Appellant was tried by general court-martial consisting of a military judge sitting alone and on his pleas of guilty was found guilty of violations of Article 81, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 881, in that he conspired to commit robbery; Article 130, UCMJ, 10 U.S.C. § 930, in that he unlawfully entered a military pharmacy; and Article 122, UCMJ, 10 U.S.C. § 922, in that he robbed drugs therein of a value of $274.04. He was sentenced to a dishonorable discharge, confinement at hard labor for 12 years, and total forfeitures of pay and allowances. The convening authority approved only so much of the sentence as provided for a dishonorable discharge, confinement at hard labor for 9 years, and total forfeitures. Prior to trial appellant entered into a pretrial agreement which provided that the convening authority would approve, as a maximum sentence, a punitive discharge as adjudged, confinement for 10 years, forfeiture and fines as adjudged, and reduction in grade as adjudged (but not applicable).

Appellant assigns as error:

I

THERE WAS AN ABUSE OF DISCRETION IN THE DENIAL OF APPELLANT'S REQUEST FOR CAPTAIN BUNCH AS INDIVIDUAL MILITARY COUNSEL.

II

THE CASE MUST BE RETURNED FOR COMPLIANCE WITH PARA. 85(c) [sic], MCM, 1969 (REV) OR THE SENTENCE REASSESSED IN LIGHT [sic] THE FAILURE OF THE CONVENING AUTHORITY TO JUSTIFY HIS FAILURE TO FOLLOW THE RECOMMENDATIONS OF HIS STAFF JUDGE ADVOCATE.

III

THE SENTENCE AWARDED APPELLANT IS INAPPROPRIATELY SEVERE IN LIGHT OF THE INFORMATION SET FORTH IN APPELLANT'S CLEMENCY PETITION, PARTICULARLY THE DISPARITY BETWEEN THE INSTANT SENTENCE AND THAT AWARDED APPELLANT'S CO–CONSPIRATORS. *UNITED STATES V. CAPPS*, 1 M.J. 1184 (A.F.C.M.R.1976); *UNITED STATES V. DE LOS SANTOS*, 3 M.J. 829 (A.F.C.M.R.1977); *UNITED STATES V. SITTON*, 4 M.J. 726 (A.F.C.M.R.1977).

SUPPLEMENTAL ASSIGNMENT OF ERROR

IN LIGHT OF THE APPARENT AMBIGUITY EXISTING IN THE SUPPLEMENTAL STAFF JUDGE ADVOCATE RECOMMENDATIONS APPEARING IN THE VARIOUS RECORDS OF TRIAL, THE RECORD SHOULD BE RETURNED TO THE CONVENING AUTHORITY FOR CLARIFICATION OF THE AMBIGUITY OR THE AMBIGUITY SHOULD BE RESOLVED IN FAVOR OF THE APPELLANT.

We do not agree.

I

■ The facts in the case indicate that the convening authority based the denial of Captain Bunch on the following information known to him as set out in the staff judge advocate's memorandum to the convening authority on the request for Captain Bunch as individual military counsel dated 27 December 1978:

1. Captain R. W. BUNCH has been requested as individual military counsel in the subject case. The case involves al-

leged violations of the Uniform Code of Military Justice, as a result of the alleged robbery at the Navy Regional Medical Center, Camp Lejeune, North Carolina on 21 December 1978.

2. Capt BUNCH currently is serving as trial counsel and has been assigned as the trial counsel in 22 special courts-martial and one Article 32 investigation. Additionally, on 25 December 1978, the Chief Trial Counsel assigned Captain BUNCH to act as a trial counsel for the incident which led to the allegations in this case. He has, as a result, assumed a prosecutorial role which makes it inappropriate for him to act as individual military counsel for Private HARCROW.

3. There are currently eight officers working in the Trial Section of this office, and each has an average caseload of 20 cases. Because of the limited number of lawyers in the Trial Section, and their caseload, it is not feasible for another lawyer to assume Captain BUNCH's workload. Consequently, it is my opinion that Captain BUNCH is not reasonably available. To make Captain BUNCH available would materially and substantially impair the ability of the Trial Section to accomplish its mission.

4. Captain BUNCH works an average of 55 hours per week.

5. There is no attorney-client relationship between Captain BUNCH and the accused.

6. I recommend the Commanding General's signature at the Tab, denying the subject request.

Additional facts were known to the appeal officer when he took his action on 30 January 1979. They were that the request had been submitted on 27 December 1978, and denied on 10 January 1979; that Captain Bunch had not assumed a prosecutorial role on the date the request was made and that only after the request was made was Captain Bunch notified that he was assigned to the case and directed to assume a prosecutorial role; that Private Harcrow still desired Captain Bunch to be his counsel knowing Captain Bunch's position in the case;

and that Captain Bunch's heavy caseload was no more than that of Private Harcrow's assigned defense counsel.

The foregoing is the information of record upon which the convening authority and the reviewing authority had available to them when they made their determinations.

We must first note that in order for any court to review a determination of reasonable availability that review must be based on the body of facts available to the determining official. *United States v. Quinones*, 1 M.J. 64 (C.M.R.1975). The trial judge had available to him a stipulation of fact which included certain matters not available to the deciding officials. It is the important role of a judge to make and preserve the record. We should caution, however, that in carrying out that function the record must be limited to those relevant matters. Appellate counsel have made reference during argument to those additional matters placed before the military judge by stipulation of fact. "We limit our consideration to the matters that the evidence shows were before the convening authority." *Id.* at 67. In doing so we will make our examination in this case in "light of all the circumstances, including the duties assigned the requested officer, military exigencies, and similar consideration." *United States v. Cutting*, 14 U.S.C.M.A. 347, 351, 34 C.M.R. 127, 131 (1964).

Before we review the discretionary decision of the officer who determines that a requested individual military counsel is not reasonably available we must also determine the scope of our review. We shall commence that determination by first looking to the authority which gives the deciding officer the power to make the decision. This authority is found not in statute but in an executive order, Exec. Order No. 11,476, 34 Fed.Reg. 10,502 (1969), prescribing the *Manual for Courts-Martial, 1969 (Rev.)* (MCM). The procedures to determine the reasonable availability of individual military counsel provide guidance for the deciding officer in that if the requested counsel is reasonably available he will take such

action as to make the counsel available. That guidance also provides that a person who has acted as a member of the prosecution in the same case is not available for detail as individual counsel, nor will a person who has acted as investigating officer, military judge, or court member in a case act as defense counsel unless requested by the accused. Paragraph 48b, MCM; Article 27, UCMJ, 10 U.S.C. § 827. Further guidance can be obtained from legislative history and from decisions of the Court of Military Appeals.

■ The first mention of reasonable availability under Article 38b, UCMJ, 10 U.S.C. § 838(b) can be found in the Congressional hearings concerning the predecessor to our current Code, the Military Justice Act of 1950, in a letter from Senator McCarran, chairman of the Committee on the Judiciary, submitted for consideration by the Subcommittee of the Committee on Armed Services:

> We assume that there is no intention to permit the recurrence of a situation such as is found in *Beets v. Hunter* (1948) (D.C., 75 F.Supp. 825) when a soldier was represented, contrary to his wishes, in court-martial proceedings by an officer who was wholly incompetent to represent him and who did so only on military orders . . . [1]

Also pertinent is the prepared statement of John J. Finn on behalf of the American Legion presented at the Senate Hearings, in which he stated:

> In Article 38b it is provided that an accused shall have the right to be represented in his defense among others by military counsel of his selection if reasonably available.
>
> This provision of reasonable availability has been the cause of most of the criticism which has come to the attention of this witness with relation to the furnishing of counsel by the command to a defendant. If counsel had been reasonably successful in defending culprits, his availability ceases, or, in some instances, he has been made what is in this code called trial counsel and thus obviously has been unable to defend cases. It is believed that some effort should be made if humanly possible to remove this restriction not only in respect to this section but wherever it appears in other sections and articles of the code.[2]

Thus we can see that efforts were being made to continue antecedent legislation to have military counsel of his choice represent him if the latter was reasonably available.[3] Reasonable availability was being discussed in the context of patently inadequate representation by non-lawyer counsel. Hence we see an intent to provide an accused military counsel of his choice to protect him from "representation" by an incompetent counsel who is acting on behalf of the accused in carrying out his soldierly duties. A touchstone to availability would be that the convening authority could not deny the accused counsel for the sole purpose of preventing him from having competent representation. We certainly agree that such motivation would be a gross abuse of discretion.

Over the years we have see an expansion of what constitutes reasonable availability under Article 38b, UCMJ. As early as 1954 the Court of Military Appeals stated:

> [T]he right to military counsel of an accused's own selection is not an absolute right granted him, but is subject to exigencies and practicalities of whatever situation may obtain at the time. Of course, the right to choose counsel in the first instance may not be insisted on in such a manner as to *obstruct either other important military operations of the service concerned or the orderly administration of military justice.* . . .

---

1. *Bills to Enact and Establish a Uniform Code of Military Justice: Hearings on S. 857 and H.R. 4080 Before a Subcommittee of the Senate Committee on Armed Services*, 81st Cong., 1st Sess. 108 (May 7, 1949).

2. *Id.* at 198 (May 9, 1949).

3. *See A Bill to Enact and Establish a Uniform Code of Military Justice; Hearings on H.R. 2498 before a Subcommittee of the Committee on Armed Services of the House of Representatives*, 81st Cong., 1st Sess. 1021–23 (March 25, 1949).

*United States v. Vanderpool*, 4 U.S.C.M.A. 561, 565–66, 16 C.M.R. 135, 139–40 (1954) (emphasis added).

 In 1964, the Court of Military Appeals articulated that in determining the availability of counsel the convening authority should exercise his discretion in light of all the circumstances, including the duties assigned to the requested officer, military exigencies and similar considerations; that is, a sound reason is required for denying to the accused the services of the representative whom he seeks. *United States v. Cutting, supra.* The determination must be based upon reasonable considerations. *United States v. Gatewood*, 15 U.S.C.M.A. 433, 35 C.M.R. 405 (1965). For example, a reasonable basis would exist if assignment of the requested counsel would be a detriment to other important operations of the command. *United States v. Polk*, 1 M.J. 1019 (N.C.M.R.1975), *pet. denied*, 2 M.J. 198 (C.M.A.1976). There is no abuse of discretion when a request is denied for a military lawyer who has full-time duties as trial counsel when the accused is already represented by judge advocates. *United States v. Brown*, 2 M.J. 627 (A.F.C. M.R.1976), *rev'd on other grounds*, 3 M.J. 368 (C.M.A.1977). A policy adopted by a service that military judges were not available for assignment as individual military counsel has been found to be adequate basis for denial. *United States v. Rachels*, 6 M.J. 232 (C.M.A.1979). While caseload standing alone is not sufficient to deny assignment as an individual military counsel, consideration of an attorney's caseload plus the impact that counsel's absence would have on his clients and the ability of other counsel to absorb his responsibilities could provide a reasonable basis for denial. *United States v. Kelker*, 4 M.J. 323 (C.M.A.1978). In short, if it is demonstrated on the record that there is a reasonable basis in fact for the deciding officer's determination of unavailability that determination should not be disturbed.

This Court, in a concurring opinion by Judge Donovan in *United States v. Redding*, 8 M.J. 719, 725–6 (N.C.M.R.1979), has cautioned trial judges who review a commander's decision on availability of individual counsel to follow the holding of Chief Judge Quinn, in *United States v. Gatewood, supra*, that the question is whether the determination was based upon reasonable considerations. We will do no less. The determination of availability by the determining and reviewing officers is the act of a public official carrying out a responsibility to implement Article 38(b) under the authority of the executive order and it may be inferred that the officer performed the duties properly. Paragraph 138a, MCM. Once afforded that inference the decision is still subject to scrutiny. Particularly analogous to a determination of the availability of individual military counsel are the words of Chief Judge Hand who, in ruling on a discretionary act of a convening authority in detailing service members to a court-martial, said:

> The whole question is . . . one of discretion . . . . The commanding officer who convenes the court must decide what membership will be least to the "injury of the service" and what officers are "available." "Available" means more than presently "accessible"; it demands a balance between the conflicting demands upon the service, and it must be determined on the spot.

*Henry v. Hodges*, 171 F.2d 401, 403 (2d Cir. 1948.)

We are not unmindful of the caution that Congress intended no grudging application of Article 38. *United States v. Cutting, supra* at 352, 34 C.M.R. at 132. Yet we can not help but observe that the review is of an administrative decision, considering the duties assigned the requested officer, military exigencies and similar considerations. *Id.* at 351, 34 C.M.R. at 131. It is not a question of a denial of the right to counsel under the Sixth Amendment to the Constitution but rather of a requirement of a statute conferring access to a counsel of individual choice if reasonably available. The decision, while a question of fact for the decision maker, must be made in context of the law as previously developed and set out herein.

In the instant case the decision of the convening authority has already been subjected to judicial review at the trial level. We believe that the trial judge correctly applied the standards in reviewing the administrative decision of the executive agency.

In other words, questions of policy or discretion are reviewable only for unreasonableness, departure from statutory standards, or lack of evidentiary support and questions of wisdom, propriety, or expediency are for the agency and not for the courts. The court will not substitute its discretion or judgment for that of the administrative agency, but will determine the lawfulness of its action.

2 Am.Jur.2d *Administrative Law* § 671 (1962) (footnotes omitted). In determining lawfulness the decision "is to be tested by whether it kept within its jurisdiction, whether in arriving at its decision it was guided by the controlling rule of law, or acted capriciously and at its pleasure, and whether the evidence fairly supports the findings on which its conclusions rest. . . . " *Id.* at § 646 (footnotes omitted).

We will apply the standard for judicial review set out approvingly in *United States v. Redding, supra.* We believe that a judicial mind, in view of the relevant rules of law applicable to a determination of reasonable availability of the requested individual military counsel and on due consideration of all the relevant circumstances as set out in the record of trial, could reasonably have reached the conclusion the trial judge made below.

## II

■ Assignment of Error II is without merit; the facts do not support the contention. The original record of trial shows that the convening authority in his action approved 9 years, exactly the same period of confinement as recommended to be approved by the Staff Judge Advocate in his first endorsement dated 18 May 1979, after consideration of defense counsel's letters dated 24 April 1979 (*Goode* letter)[4], 14 May

1979 (Reply to SJA memorandum re: Request for sentence deferral), and 17 May 1979 (Defense Counsel recommendation for clemency.) Appellate counsel were working from unconforming copies which will be addressed with the SUPPLEMENTAL ASSIGNMENT OF ERROR.

## SUPPLEMENTAL ASSIGNMENT OF ERROR

During the course of this appeal it was brought to the attention of counsel that the original record of trial did not reflect a disparity between the recommendation of the Staff Judge Advocate as to the term of years of confinement at hard labor of the sentence which was to be approved and that actually approved by the convening authority. The copies of the record utilized by counsel reflected a different term of years in the Staff Judge Advocate recommendation (8 vice 9 years).

This case points up the extra work and frustration that comes to appellate counsel when care is not exercised to assure that all copies conform to the original record. Certainly no person is probably more aware of this than the Staff Judge Advocate in the instant case who at a previous time was the Director of the Appellate Government Division of the Navy Appellate Review Activity. As was indicated by the Staff Judge Advocate in his affidavit, filed by Government Counsel, as relevant to appellant's second assignment of error and supplemental assignment of error, it is apparent that copies of the second page of his recommendation were not replaced with the second page which reflected his decided upon and signed recommendation ("nine years" vice his originally considered but rejected "eight years"). This is an administrative mistake worthy of caution to those responsible for the administrative necessity of conforming copies.

Our task is more basic: Was an error committed that was materially prejudicial to the substantial rights of the appellant? We think not. As we read the original

4. *United States v. Goode,* 1 M.J. 3 (C.M.A. 1975).

documents we see no ambiguity which would require resolution. We will not elevate the inadvertent inclusion of a work copy of a staff judge advocate's review as a portion of the copies of the record to such a position as to create an ambiguity appearing in the record. We have reviewed the cases cited by appellant. *United States v. Papciak*, 7 U.S.C.M.A. 412, 22 C.M.R. 202 (1956); *United States v. Nastro*, 7 U.S.C.M.A. 373, 22 C.M.R. 163 (1956); *United States v. Eymer*, 1 M.J. 990 (N.C.M.R.1976); *United States v. Croley*, 50 C.M.R. 899 (A.C.M.1975); *United States v. Blanchard*, 35 C.M.R. 774 (A.C.M.1964); *United States v. Mason*, 16 C.M.R. 795 (A.C.M.1954). In each case the record was ambiguous on its face. The record of trial in this case is clear. The signed recommendation of the Staff Judge Advocate and the signed action of the convening authority are in complete agreement. We do not need the informative affidavit of the Staff Judge Advocate to find no error materially prejudicial to the accused.

### III

█ We have examined the record and do not find the sentence inappropriately severe. The findings and sentence as approved on review below are affirmed.

Senior Judge DUNBAR and Judge GLADIS concur.