UNITED STATES, Appellee,

v.

Private First Class Wayne A. WEST,
SSN 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, United States
Army, Appellant.

SPCM 15822.

U. S. Army Court of Military Review.

21 May 1982.

Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel Jerome E. Kelly, JAGC, Captain Judson W. Roberts, JAGC, and Captain Guy J. Ferrante, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Major Rexford T. Bragaw, III, JAGC, and Captain David A. Brown, JAGC, were on the pleadings for appellee.

Before CARNE, O'DONNELL and FOREMAN, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

Pursuant to a negotiated plea, the appellant was convicted of conspiracy to wrongfully sell and possess marijuana, two charges of wrongful possession of marijuana, and wrongful sale of marijuana, in violation of Articles 81 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881 and 934 (1976). He was sentenced to a bad-conduct discharge, confinement at hard labor for sixty days, forfeiture of $330.00 pay per month for two months, and reduction to Private E-1. Pursuant to a pretrial agreement the convening authority suspended the execution of the bad-conduct discharge and the forfeitures in excess of $100.00 per month.

On 27 October 1980, the appellant requested that a Captain Reilly, then assigned as command judge advocate, US Army Logistics Detachment 4, Sinop, Turkey, be detailed as his individual defense counsel in accordance with Article 38(b), UCMJ, 10 U.S.C. § 838(b), and paragraph 48b, Manual for Courts-Martial, United States, 1969 (Revised edition). This request was denied by Captain Reilly's commander on 5 November 1980, on the grounds that Captain Reilly was the command judge advocate and the only Army judge advocate in Turkey, that he had a full workload, that inordinate expense would be incurred for his travel, that his absence for any significant period would adversely effect the command's ability to receive legal counsel, and that there was no existing attorney-client relationship between Captain Reilly and the appellant.

The appellant's trial defense counsel did not appeal the denial to the next higher commander. See paragraph 48b, Manual, supra. At trial, the appellant again requested that Captain Reilly represent him. The military judge refused to consider whether the request for Captain Reilly had been properly denied because the defense counsel had not exhausted his administrative remedies by appealing the initial denial to the next higher commander. The trial defense counsel was given the opportunity to present additional information to the court on the matter, but did not.

▮▮▮ We hold that the military judge correctly refused to review the commander's determination that Captain Reilly was not reasonably available. The initial determination of a requested counsel's availability has been placed by the President in command rather than judicial channels. Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 48b. The military judge's duty is not to make the determination of availability or to substitute his judgment for the commander's, but rather to review the command decision, upon request by an accused, to determine if it was based on reasonable considerations. In this regard the commander's determination is not final. See United States v. Cutting, 14 U.S.C.M.A. 347, 351, 34 C.M.R. 127, 131 (1964); United States v. Smith, 3 M.J. 912, 913 (A.C.M.R.1977). However, where an accused has not availed himself of the means within command channels for obtaining counsel of his choice, he is not entitled to judicial relief, either at the trial or appellate level. See Bumpus v. Thurnher, 22 U.S.C.M.A. 375, 47 C.M.R. 227 (1973) (extraordinary writ denied where accused failed to pursue proffered alternate means of obtaining individual counsel); United States v. Corkill, 2 M.J. 1118 (C.G.C.M.R.1976) (failure to make administrative appeal of

denial of individual counsel request forecloses claim of error on appellate review).

■ Assuming, arguendo that the military judge should have reviewed the reasonableness of the commander's decision, his refusal to do so would not have constituted prejudicial error in this case, because it is clear that the commander's decision was based on "reasonable considerations." *United States v. Gatewood*, 15 U.S.C.M.A. 433, 435, 35 C.M.R. 405, 407 (1965).*

■ Appellant's counsel have submitted an affidavit of Captain Reilly dated 6 May 1981, in which he states that he had been reassigned to the United States and was present for duty at Aberdeen Proving Ground, Maryland on 13 January 1981, the date of the appellant's trial. The affidavit does not change our opinion regarding the reasonableness of the commander's decision since review of the denial of a request for individual counsel is limited to the facts existing when the commander made his decision. *United States v. Quinones*, 1 M.J. 64, 67 (C.M.A.1975).

■ The appellant contends that a provision in the pretrial agreement whereby the appellant agreed to waive the personal presence of a witness stationed in Korea is violative of public policy and due process, thereby rendering the appellant's plea improvident.

■ We hold that the appellant's waiver was not contrary to public policy. As stated by the Court of Military Appeals, "we see no occasion to prevent an appellant from stipulating to testimony in return for a substantial reduction in sentence, so long as the judge assures that the accused's entry into the stipulation is provident." *United States v. Mills*, 12 M.J. 1, 3 (C.M.A.1981).

* Effective 20 January 1982, the Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 48b(2), was amended to provide that persons assigned duties as the

Such a bargained for stipulation is not contrary to public policy nor does it otherwise render the plea improvident. *United States v. McDonagh*, 10 M.J. 698, 710 (A.C.M.R.), *pet. granted* 11 M.J. 284 (C.M.A.1981).

During the inquiry into the terms of the pretrial agreement, the accused assured the military judge that he knew he had a right to the personal appearance of the witness and that he voluntarily and knowingly gave up that right in exchange for the pretrial agreement. We find that the appellant's waiver was provident.

■ We note that one of the charged co-conspirators was a CID informant. An accused cannot conspire with a law enforcement person acting in the performance of his duties, because the latter does not possess criminal intent. *See United States v. LaBossiere*, 13 U.S.C.M.A. 337, 32 C.M.R. 337 (1962); *United States v. Sproles*, 48 C.M.R. 278 (ACMR 1974). Because the appellant also admitted to conspiring with Specialist Four Herbert, a person not acting lawfully, the providence of his plea to conspiracy is unaffected.

That portion of the Specification of Charge I which finds that the appellant conspired with Private First Class Joseph P. Wallace is set aside. The remainder of that specification and the remaining findings of guilty and the sentence are AFFIRMED.

Senior Judge CARNE and Judge O'DONNELL concur.

"principal legal advisor to a command, organization, or agency" are not "reasonably available" to serve as individual defense counsel.