UNITED STATES

v.

**Sergeant Jerald R. CAPPS, FR 523–90–7157 355th Field Maintenance Squadron Fifteenth Air Force (SAC).**

**ACM S24324.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 5 Sept. 1975.

Decided 25 May 1976.

Appellate Counsel for the Accused: Ms. Kathy P. Bonham, Denver, Colorado. Colonel Jerry E. Conner and Major Bruce R. Houston. Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major John A. Cutts III.

Before ROBERTS, ORSER and SANDERS, Appellate Military Judges.

## DECISION

ORSER, Judge:

Tried by a special court-martial with members, the accused was convicted, pursuant to his plea, of one offense of larceny and, contrary to his plea, of an offense of willful and wrongful damage to private property, in violation of Articles 121 and 109, 10 U.S.C. §§ 921 and 909, Uniform Code of Military Justice. The supervisory authority disapproved the latter finding of guilty on the basis of advice from his staff judge advocate that the Government's evidence was insufficient to establish the accused had been properly warned prior to admission in evidence of his pretrial statements. The approved sentence, following reassessment and reduction by the supervisory authority, provides for a bad conduct discharge, confinement at hard labor for three months, forfeiture of $125.00 per month for three months, and reduction to airman basic.

Appellate defense counsel, in addition to inviting our attention to and elaborating on errors assigned on the accused's behalf by his civilian defense attorney, have independently asserted another. The first we consider contends, in essence, that the accused's guilty plea was improvident as it was motivated by the prior admission in evidence of his pretrial statements subsequently determined by the reviewing staff judge advocate to have been erroneously considered by the court.

The case of *United States v. Dusenberry*, 23 U.S.C.M.A. 287, 49 C.M.R. 536 (1975), is dispositive of this assignment, adversely to the accused. There, as here, the accused pleaded guilty after an Article 39(a) evidentiary session during which his objections to a pretrial statement, and other matters, had been resolved against him by the military judge. The Court of Military Appeals observed that the inquiry into the providence of the accused's proposed plea of guilty more than complied with the requirements of *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). Moreover, the inquiry conclusively demonstrated the accused's personal awareness that his pleas of guilty would waive any legal issues with respect to the evidentiary matters resolved against him prior to pleading. The Court accordingly found his guilty pleas fully voluntary and provident.

In the case before us, the military judge's inquiry into the providence of the accused's proposed plea of guilty was, if anything, even more comprehensive than in *Dusenberry*. Here, as in *Dusenberry*, be-

fore accepting the plea, the judge secured the accused's acknowledgment that a guilty plea constituted a judicial confession to the offense. Further, he personally and directly advised the accused that his plea would waive for appellate purposes any objection he might have to consideration of his pretrial statement. Under the circumstances, we hold the assignment without merit. The accused's plea of guilty was voluntary and informed and not rendered improvident by the supervisory authority's subsequent determination that the pretrial statement was erroneously received in evidence.[1] *United States v. Stewart,* 20 U.S.C.M.A. 272, 43 C.M.R. 112 (1971); *United States v. Tharp,* 11 U.S.C.M.A. 467, 29 C.M.R. 283 (1960); *United States v. Trojanowski,* 5 U.S.C.M.A. 305, 17 C.M.R. 305 (1954); see *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).

In their second assertion of error, counsel contend it was prejudicially improper for the trial counsel to argue on sentence:

Each one of the Charges before you, alone, has a possible maximum punishment of the maximum that this particular court-martial can give: a Bad Conduct Discharge, confinement at hard labor for six months, forfeiture of two-thirds pay and allowances for six months, and reduction to the lowest enlisted grade. Each one of those, individually, has the possible maximum punishment. Taken together they require it.

We perceive no sentencing prejudice to the accused in the trial counsel's remarks and accordingly find the assignment to be without merit.

 Without question, it is error for the trial counsel of a special court-martial, in arguing on the sentence, to inform the court members of the maximum penalty authorized by the Table of Maximum Punishment (Manual for Courts-Martial, 1969 (Rev.), paragraph 127c) where such maximum exceeds the jurisdictional punishment

limitation of a special court-martial. *United States v. Crutcher,* 11 U.S.C.M.A. 483, 29 C.M.R. 299 (1960); *United States v. Green,* 11 U.S.C.M.A. 478, 29 C.M.R. 294 (1960); *United States v. Whiteacre,* 12 U.S.C.M.A. 345, 30 C.M.R. 345 (1961). Here, the trial counsel obviously did not argue that the offenses individually carried a maximum punishment in excess of that authorized by a special court-martial. Neither, as we read the argument, can it be successfully urged that his remarks were tantamount to informing the court members that the punishment authorized for the offenses when combined was twice the jurisdictional limitation of the forum. See *United States v. Barnes,* 11 U.S.C.M.A. 671, 29 C.M.R. 487 (1960); *United States v. Blevins,* 34 C.M.R. 967 (A.F.B.R.1964); *United States v. Parker,* 38 C.M.R. 676 (A.B.R.1968), pet. denied, 38 C.M.R. 441. In our view, the thrust of the trial counsel's argument was simply that the two offenses were of equal seriousness, and when considered together called for imposition of the maximum punishment. We are satisfied that such argument did not exceed the limits of fair comment. See *United States v. Coleman,* 41 C.M.R. 953 (A.F.C.M.R.1970), pet. denied, 41 C.M.R. 402.

At the conclusion of the trial counsel's argument, the highlighted words of which were not, incidentally, objected to by the defense counsel (See *United States v. Wood,* 18 U.S.C.M.A. 291, 40 C.M.R. 3 (1969)), the military judge correctly instructed the members on the maximum punishment they could impose. In the circumstances, we see no reasonable risk the trial counsel's remarks could have been construed as calling attention to a maximum punishment in excess of the court's limited punishment power. See *United States v. Barnes,* supra.

Finally, counsel contend the accused's sentence is inappropriately severe. Counsel ground this contention not on the severity of the sentence in terms of the approved

1. It is not without significance to our decision that the supervisory authority grounded his determination that the statement was inadmissible on the absence of sufficient evidence by the Government to establish that a proper warning

was provided. As aptly pointed out by appellate Government counsel, there was no conclusion the statement was involuntary or that no warning was in fact given.

offense, but, rather, on the basis of a comparison with the sentence imposed by members of another court on the accused's co-actor.

One day preceding the trial of this case, the accused's confederate was tried by a separate panel of officers for virtually the same offenses on which the accused at bar was subsequently tried. The same military judge sat on both cases. After finding him guilty as charged, the court members sentenced the confederate to a reduction in grade from airman to airman basic, and coupled the sentence with a recommendation that the punishment be suspended. In a post-trial statement to the convening authority, the military judge recommended that clemency be granted the accused at bar. The judge was of the view that the accused were equally culpable and that clemency action was warranted on the basis of the "miniscule sentence" adjudged against the accused's co-actor. He expressed the belief that on the basis of all the facts and circumstances of the two cases the bad conduct discharge was inappropriate.

■ We are keenly aware of and subscribe to the general policy that appropriateness of a sentence in a case under review is to be determined on the basis of its own facts and circumstances, not on a comparison with sentences in other cases. See *United States v. Mamaluy*, 10 U.S.C.M.A. 102, 27 C.M.R. 176 (1959); *United States v. Duffy*, 49 C.M.R. 208 (A.F.C.M.R.1974); *United States v. Morris*, 27 C.M.R. 965 (A.F. B.R.1959); *United States v. McNeece*, 30 C.M.R. 453 (A.B.R.1960); *United States v. Browne*, 37 C.M.R. 784 (C.G.B.R.1967). As the United States Court of Military Appeals some years ago observed in *United States v. Mamaluy*, supra, at page 180:

> [A]ccused persons are not robots to be sentenced by fixed formulae but rather, they are offenders who should be given individualized consideration on punishment.

The policy favoring individualized punishment consideration is well founded and remains sound. The factors that must be evaluated in determining an appropriate sentence for the particular offender in light of the offenses and the facts and circumstances of the case are numerous and complex. Each case is unique. Thus seldom, if ever, is the sentence imposed in one case truly relevant to that which should be adjudged in another. It is only in the most unusual of circumstances that sentences in other cases are germane to the question of what sentence should be approved in a case under review. See *United States v. Duffy*, supra.

■ A recognized exception to the rule against sentence comparison as a criterion for determining appropriateness are situations involving connected or closely related cases with highly disparate sentences. *United States v. Morris, United States v. McNeece, United States v. Browne*, all supra; *United States v. Perkins*, 40 C.M.R. 885 (A.C.M.R.1969). In such cases, especially where on the surface there appears to be no particular reason for the great disparity, fundamental interests of fairness and justice to the accused require consideration of the other sentences in the overall determination of sentence appropriateness.

■ On the basis of the close connection between the accused and his confederate, the unquestionably large disparity in their sentences, and especially in light of the post-trial clemency recommendation of the military judge, we have concluded that interests of fairness and justice mandate such comparison here. Though, in view of the sentence, the record of trial in the companion case is not before us for review,[2] we have, with no objection by counsel for either side, obtained it in order to make a close comparison of relevant circumstances. As a prerequisite to such consideration, we have first satisfied ourselves that on the basis solely of the accused's own record of trial the approved sentence is entirely just and appropriate for the offense of which he stands convicted. Our consideration of the

---

2. See Article 66(b), Code, supra.

sentence and the circumstances of the other case can thus only benefit the accused rather than operate in any way to his detriment. See *United States v. Perkins*, supra.

Comparison of the facts and circumstances of the two cases reveals that though the degree of culpability seems quite similar, sentencing considerations were by no means alike. In the first place, the accused's companion is younger than the accused. He was 19 years of age and an airman when the offenses were committed. The accused was 21 and a sergeant. More significantly, the accused's companion was able to muster substantial and persuasive evidence in mitigation and extenuation of the offenses, whereas the presentencing evidence in the accused's case was much more negative. By way of summary, the individual's commander (the accuser in both cases), his former and present first sergeants, and several supervisors, testified in a highly favorable manner. They expressed trust and faith in him, praised the quality of his duty performance and strongly urged he be returned to their organization and that no confinement be imposed. Further, the accused in that case testified that he was sorry for what he had done, that he had partially paid the victim for the damage to his automobile and that he had made arrangements to pay the balance. As is manifest by their sentence, the court members were obviously highly impressed.

By contrast, in the case at hand the accused's first sergeant testified the accused was a below average performer whom he would not recommend for reenlistment. No duty supervisor or peer testified in his favor. Of further significance, the accused in his testimony admitted he had threatened the person who had informed on him in the offenses, as well as his companion in the incident, with bodily harm.

In reviewing the records, the accused's companion comes through as a highly repentant individual possessing great rehabilitation and restoration potential. The accused, on the other hand, is evinced to be an individual with an unimpressive overall record of performance, a bad attitude, and, though he testified he was sorry and would stay out of trouble in the future, incorrigible to the point of having little or no rehabilitation or restoration potential. Though the accused's confederate's punishment might, in the sentencing judgment of some, be considered too lenient notwithstanding the extensive mitigation and extenuation, it is not our function here to pass judgment on that or upon the wisdom of those who sentenced him. Suffice it for our purposes that there are good and cogent reasons for a substantial difference in punishment as between the two offenders. Under the circumstances, we do not find that the disparity in punishment in the two cases necessitates sentence amelioration action in the case at bar.

For the reasons stated, the approved finding of guilty and the sentence are

AFFIRMED.

ROBERTS, Senior Judge, and SANDERS, Judge, concur.