**UNITED STATES**

v.

**Sergeant Frederick R. DE LOS SANTOS, FR 458–96–0177 52d Avionics Maintenance Squadron United States Air Forces in Europe.**

**ACM 22191.**

U. S. Air Force Court of Military Review.

19 July 1977.

---

Appellate Counsel for the Accused: Colonel Robert W. Norris and Major Martin F. McAlwee, USAFR.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and 1st Lieutenant W. Allen Woodford, USAFR.

Before BUEHLER, HERMAN and ORSER, JJ.

## DECISION

BUEHLER, Chief Judge:

Tried by a general court-martial with members, the accused was convicted, contrary to his plea, of one offense of wrongful possession of marijuana in the hashish form, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The approved sentence provides for a bad conduct discharge, confinement at hard labor for six months, and reduction to airman basic.

Appellate defense counsel assign as error that:

1. A motion to sever had been granted by the military judge.

A FAIR AND JUST REVIEW OF THE APPROPRIATENESS OF THE ACCUSED'S SENTENCE IN COMPARISON TO THE SENTENCE OF THE ACCUSED'S CO–ACTOR WAS NEGATED BY THE REVIEWER'S ERRONEOUS ADVICE ON THE APPLICATION OF THE RULE AGAINST SENTENCE COMPARISON.

Appellate government counsel concede that the staff judge advocate's review is deficient in that it should have included a more meaningful discussion of the sentence comparison principles set forth in *United States v. Capps*, No. S24324, 1 M.J. 1184 (A.F.C.M.R. 25 May 1976). We also consider the assignment of error meritorious.

In *Capps* this Court declared:

A recognized exception to the rule against sentence comparison as a criterion for determining appropriateness are situations involving connected or closely related cases with highly disparate sentences.

In the case at hand, the accused was charged with possessing marijuana in conjunction with a Staff Sergeant Luis A. Echevarria-Cruz. Similarly, Sergeant Echevarria-Cruz was charged with possessing the same substance in conjunction with the accused. The two were tried by separate general courts-martial, each consisting of members.[1] Sergeant Echevarria-Cruz was sentenced to confinement at hard labor for 45 days, forfeiture of $50.00 per month for nine months and reduction to sergeant. Thus, it is readily apparent that the convening authority in acting upon the accused's sentence was faced with a situation involving connected or closely related cases with highly disparate sentences. *United States v. Capps, supra.*

█ The staff judge advocate's review advised the convening authority that the accused and his confederate were tried separately on substantially the same charges,[2] and called his attention to the sentence received by Echevarria-Cruz. However, he

2. This latter phrase is misleading since the charges in each case are identical.

incorrectly advised the convening authority that: "You *may* consider the sentence adjudged in the Echevarria-Cruz case." (Emphasis supplied.) The standard enunciated in *Capps* goes further in ruling that: "[F]undamental interests of fairness and justice . . . *require* consideration of the . . . sentences in the overall determination of sentence appropriateness." (Emphasis supplied.)

This error is further compounded by the reviewer's failure to make a meaningful comparison of the facts and circumstances of the two cases as well as sentencing considerations in each. Such a comparison is mandated here. See also *United States v. McPherson*, 54 C.M.R. 1047, 2 M.J. 755 (A.F.C.M.R. 1977).

█ While ordinarily the appropriate remedy to cure any prejudice flowing from the error we perceive would be to direct the return of the record of trial to the convening authority for a new review and action, we are satisfied that is unnecessary here. Subsequent to the convening authority's initial action on the sentence, the accused was transferred to the Rehabilitation Division, 3320th Correction and Rehabilitation Squadron, Lowry Air Force Base, Colorado. The commander of that unit has suspended the bad conduct discharge with provision for automatic remission and the accused has been restored to duty with the Air Force. These actions convince us that any prejudice to the accused has been fully dissipated. *United States v. Moseley*, 24 U.S.C. M.A. 173, 51 C.M.R. 392, 1 M.J. 350 (1976).

Appellate defense counsel's remaining assignment of error is without merit. Accordingly, the findings and sentence are

AFFIRMED.

HERMAN and ORSER, Judges, concur.