UNITED STATES

v.

Airman First Class Thomas E. SITTON, FR 264–19–4891, 729th Tactical Control Squadron, Ninth Air Force (TAC).

ACM S 24524.

U. S. Air Force Court of Military Review.

Sentence Adjudged 27 April 1977.

Decided 16 Dec. 1977.

Appellate Counsel for the Accused: Colonel Robert W. Norris and Captain Thomas S. Markiewicz. Captain Roger D. Graham filed a brief on behalf of the accused.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain Paul L. Black.

Before EARLY, FORAY and HERMAN, Appellate Military Judges.

HERMAN, Judge:

The accused has been found guilty, despite his pleas, of possession and sale of approximately five pounds of marihuana, as well as conspiracy to sell the same substance, in violation of Articles 134 and 81 of the Uniform Code of Military Justice, 10 U.S.C. §§ 934, 881. Although we affirm these convictions, we decide that a portion of the sentencing argument of the trial counsel to the court members was improper and prejudicial, and we therefore reassess the sentence. Appellate defense counsel's averment that the convening authority erred in failing to compare this accused's sentence with that of his fellow conspirator is without merit, as are the remaining errors assigned.

The fellow conspirator, Airman Kelley, had been tried by special court-martial by the time of the accused's trial, and was sentenced to six months confinement at hard labor, forfeiture of two-thirds pay per month for six months (modified to $249.00 per month), and reduction to airman basic. The sentence imposed upon this accused who actually secured the marihuana, was bad conduct discharge, confinement at hard labor for five months, forfeiture of $240.00 per month for five months and reduction to airman basic.

In *United States v. Capps*, 1 M.J. 1184 (A.F.C.M.R.1976), this Court declared that while the appropriateness of a sentence in a particular case is to be determined by its

own facts and circumstances, and not in comparison with sentences in other cases,[1]

(a) recognized exception to the rule against sentence comparison as a criterion for determining appropriateness are situations involving connected or closely related cases with highly disparate sentences.

In the *Capps* case, the accused received a bad conduct discharge, confinement, forfeitures and reduction to airman basic; his co-actor received only a one grade reduction with a recommendation for suspension of the sentence. In a more recent case, *United States v. De Los Santos*, 3 M.J. 829 (A.F.C.M.R.1977) we held the staff judge advocate's post-trial review to be inadequate for failing to advise the convening authority that he *must* consider the sentence adjudged in a connected case.[2]

Although it might have been helpful in complete analysis for the post-trial review to compare the sentence of this accused with that of his co-actor, we will not hold that the failure to do so in this case prejudiced the substantial rights of the accused, since the sentences differ essentially only with respect to the punitive discharge. This is not a situation presenting a "highly disparate sentence" in a connected case; therefore, the convening authority was required neither to consider the sentence adjudged for Kelley nor to compare the facts and circumstances and sentence considerations in each. *United States v. De Los Santos*, supra at 831.

■ Turning to appellate counsel's averment that a portion of trial counsel's sentence argument was prejudicial and inflammatory, we heartily agree. In his opening argument for sentence, he stated:

This may have been a rather innocent—essentially first time involvement perhaps, or close to first time involvement as

appears to be brought out by the accused. However, that's a pretty big place to start, five pounds. Whether that is a normal starting point or not, I don't know, but it seems exceedingly large here.

In his rebuttal to the remarks of trial defense counsel, he continued in the same vein:

Captain Graham has indicated that perhaps this is a first offense. Well, this may be the first conviction, it may be the first time he's been caught, but I suggest that the evidence indicates that there had to be some background basis for this, or he would never have been sought out in the first place by Airman Don Kelley.

The clear implication of this argument is that the accused was involved in other, prior misconduct concerned with drugs. There is absolutely no evidence in the record to justify this inference and the remarks of trial counsel. It was incumbent upon the military judge to interrupt his argument and *sua sponte* instruct the court members to disregard the comments of trial counsel. *United States v. Grunden*, 25 U.S.C.M.A. 327, 54 C.M.R. 1053 (Interim), 2 M.J. 116 (1977), *United States v. Bryant*, 12 U.S.C.M.A. 111, 30 C.M.R. 111 (1961). We again must call the attention of trial personnel to the oft-quoted words of Chief Judge Fletcher:

No evidence can so fester in the minds of court members as to the guilt or innocence of the accused as to the crime charged as evidence of uncharged misconduct. Its use must be given the weight of judicial comment, *i. e.*, an instruction as to its limited use.

In the case of this accused, the argument of trial counsel did not even amount to comment upon properly admitted evidence of uncharged misconduct.[3] His statements

---

1. *United States v. Mamaluy*, 10 U.S.C.M.A. 102, 27 C.M.R. 176 (1959).

2. In that case, Sergeant De Los Santos was sentenced to bad conduct discharge, confinement at hard labor for six months and reduction to airman basic. His cohort had been sentenced to confinement at hard labor for 45 days, forfeiture of $50.00 per month for nine months, and reduction from E-5 to E-4.

3. See also *United States v. Hardy*, 3 M.J. 713 (A.F.C.M.R.1977); *United States v. Poinsett*, 3 M.J. 697 (A.F.C.M.R.1977).

were completely unjustified and approached a violation of the ethical standards of the American Bar Association.[4]

Reassessment of the sentence is the appropriate remedy for the prejudice resulting from trial counsel's remarks. *United States v. Kirby*, 16 U.S.C.M.A. 517, 37 C.M.R. 137 (1967); *United States v. Carrier*, 50 C.M.R. 135 (A.F.C.M.R.1975); *United States v. Poinsett*, 3 M.J. 697 (A.F.C.M.R. 1977). Upon reassessment, we find appropriate only so much of the sentence as provides for bad conduct discharge, confinement at hard labor for four months, forfeiture of $200.00 per month for four months and reduction to airman basic. The findings, and the sentence as modified, are

AFFIRMED.

EARLY, Chief Judge, and FORAY, Judge, concur.

# UNITED STATES

---

4. "(a) The prosecutor may argue all reasonable inferences from evidence in the record. It is unprofessional conduct for the prosecutor intentionally to misstate the evidence or mislead the jury as to the inferences it may draw." ABA Standards Relating to the Prosecution Function § 5.8 (1971).