UNITED STATES

v.

Technical Sergeant J. C. STOKES, FR 425–92–9570 United States Air Force.

ACM 22525.

U. S. Air Force Court of Military Review.

5 Dec. 1979.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips, Colonel Larry G. Stephens and Captain Robert P. Hailey.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., Colonel James P. Porter and Captain Robert T. Mounts.

Before EARLY, POWELL and ARROWOOD, Appellate Military Judges.

## DECISION

ARROWOOD, Judge:

The accused was found guilty of conspiracy to sell and the wrongful sale of 4.75 kilograms of marijuana in the hashish form in violation of Articles 81 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 934. In the assignments of error we discuss, the accused contends that he should not have been tried by court-martial since he was previously tried by a Spanish administrative court for the offenses, that he was denied his right to a speedy trial by a 188 day pretrial restriction, and that the court-martial members who heard his case were improperly selected. We disagree with each of his contentions.

Appellate defense counsel assert that the court-martial which tried the accused was improperly selected. The impropriety began, it is alleged, when pursuant to the accused's request, the convening authority appointed enlisted personnel to the court, and excused several of the appointed officers, primarily those junior in rank. Testimony showed that the trial experience of the original panel of members had been provided to the convening authority, and it was assumed he used this information when he excused the officers from the court. It was alleged that his consideration of the trial experience of the members had the "inevitable effect of discriminating against lower ranking officers."

The convening authority is directed by Article 25, Code, 10 U.S.C. § 825, supra, to select as court members the "best qualified for duty by reason of age, education, training, experience, length of service, and judicial temperament." Previous trial experience is an indicator of an individual's training and experience and can properly be considered.

There is no evidence in the record that this was the sole criterion used or that it would systematically exclude lower ranking officers had it been the sole criterion applied. See *United States v. Greene*, 20 U.S.C.M.A. 232, 43 C.M.R. 72 (1970); *United States v. Crawford*, 15 U.S.C.M.A. 31, 35 C.M.R. 3 (1964). In fact, the two senior officers on the court had no trial experience. We find no basis to suspect any impropriety in the excusal of the previously appointed officers. This frivolous motion was properly dismissed by the trial judge and did not oust the convening authority from his statutory reviewing authority. *United States v. Owens*, 27 C.M.R. 658 (A.B.R.1959).

A second objection to the selection of the court members is raised for the first time before this Court. Appellate defense counsel claim that the list from which the enlisted personnel were selected improperly excluded everyone who was not "hard" or "tough". The claim was based on evidence submitted to this Court by affidavits that the sergeant who prepared the list had "jokingly" implied that he wanted members who were "hard" or "tough".

One affiant stated that the sergeant jokingly said to her that he wanted to get the "toughest NCOs that he could find." The same individual also stated she overheard part of the sergeant's telephone conversation with the senior enlisted adviser when he was asked to provide names of prospective members who were "tough" or "hard". The affiant did not remember the exact words but described the sergeant as "speaking in a joking manner". Through affidavits filed by the government, the sergeant did not deny the possibility that he kiddingly stated "we would get hard or tough members", but he did deny making a re-

quest for "hard" or "tough" members to the senior enlisted adviser. The senior enlisted adviser stated that he was asked to provide names of possible "Top 3" NCO candidates for the court. He denied that he was requested to provide individuals who were "tough" or "hard". A second affiant, an area defense counsel, stated that the sergeant "jokingly" implied to him after the trial that it would be unwise to request enlisted members for future cases because he was choosing the prospective members.

■ We carefully reviewed all affidavits and find the comments concerning the selection of "tough" or "hard" court members were made in jest and considered by the individuals who overheard them to have been said in a joking or kidding manner. Accordingly, there is no evidence before this Court that either the sergeant or the senior enlisted adviser actually employed improper criteria in preparing the proposal of potential members that would have improperly excluded eligible enlisted personnel from the court-martial. See *United States v. Kemp*, 22 U.S.C.M.A. 152, 46 C.M.R. 152 (1973); *United States v. Crawford*, supra.

■ At trial and before this Court, the accused asked that the charges be dismissed because he was tried in the Spanish Government's Contraband Court and fined $7,800.00. The evidence presented at trial shows that the Contraband Court is an administrative rather than criminal court. The Spanish criminal court, the Court of Instruction, waived jurisdiction over the accused before the court-martial began. Therefore, we find no merit in the accused's request. *United States v. Reed*, 33 C.M.R. 932 (A.F.B.R.1963).

■ Immediately after the offense was committed the accused was placed in "provisional confinement" status by a Spanish judge and released to United States authorities. Implementation of Article XVIII of the Treaty of Friendship and Cooperation

between Spain and the United States obligated the United States authorities to restrict the accused to the military installation while charges were pending against him in the Court of Instruction. The day after notice that the Court of Instruction waived their primary jurisdiction in the case, the accused was released from the restriction and court-martial charges were preferred. The court-martial began 64 days later. The accused's restriction to the base which effectively required him to live apart from his family was not so onerous as to constitute the equivalent of pretrial confinement. See *United States v. Powell*, 2 M.J. 6 (C.M.A.1976); *United States v. Schilf*, 1 M.J. 251 (C.M.A.1976); *United States v. Amundson*, 23 U.S.C.M.A. 308, 49 C.M.R. 598 (1975). Thus, the accused's 188 days in this restricted status did not trigger the presumption of untimeliness propounded in *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971).* We are satisfied that under the circumstances of this case the government proceeded to trial with all due diligence.

■ In a supplemental assignment of error, it is asserted that the accused's sentence is unduly harsh, as compared to the sentence of his co-actor. The accused was sentenced to a bad conduct discharge, confinement at hard labor for four years, forfeiture of $100.00 per month for twenty four months, and reduction to airman basic. His co-actor was sentenced to a bad conduct discharge, confinement at hard labor for two years, reduction to airman basic, and a fine of $5,000.00; in lieu of paying the fine, to be confined at hard labor for one additional year. We do not perceive such a high disparity between these two sentences as would require the convening authority or this Court to consider the co-actor's sentence before approving that of the accused. *United States v. Sitton*, 4 M.J. 726 (A.F.C. M.R.1977). See also *United States v. De Los Santos*, 3 M.J. 829 (A.F.C.M.R.1977); *United States v. Capps*, 1 M.J. 1184 (A.F.C. M.R.1976).

---

* We also note that the government was not accountable for the period the accused was held within the installation for the Spanish civil authorities. *United States v. Reed*, 2 M.J. 64 (C.M.A.1976).

Having also resolved the remaining assignments of error against the accused, the findings of guilty and the sentence are AFFIRMED.

EARLY, Chief Judge, and POWELL, Judge, concur.