**UNITED STATES**

v.

**Airman Basic Brent L. ESKER, FR 540–76–0766, United States Air Force.**

**ACM S24762.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 9 May 1979.

Decided 9 Jan. 1980.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips, Colonel Larry G. Stephens and Captain Robert P. Hailey.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Robert T. Mounts.

Before HERMAN, ARROWOOD and MILES, Appellate Military Judges.

**DECISION**

PER CURIAM:

Consistent with his pleas, the accused was convicted by special court martial of attempted larceny and larceny of security police jackets in violation of Articles 80 and 121, Uniform Code of Military Justice. 10 U.S.C. §§ 880, 921. The approved sentence extends to a bad conduct discharge, confinement at hard labor for four months and forfeiture of $150.

Appellant's counsel assert that the officer exercising general court-martial jurisdiction failed to properly respond to accused's request for deferment of his sentence to confinement. We agree.

The accused was sentenced on 9 May 1979 and immediately began to serve his confinement. On 8 June 1979, in connection with his rebuttal to a clemency evaluation, the accused requested deferment of confinement. In the post trial review of the Staff Judge Advocate, the accused's request was not mentioned. There is no evidence of any decision on the request by the general court-martial authority, other than that which might be inferred from approval of the sentence on 28 June 1979. Indeed, there is no evidence this authority was ever informed of the request or advised of any standards applicable to exercising his discretion.

We hold that an accused is entitled to have any request for post trial deferment specifically decided by the proper authority and that decision included in the record of trial. Article 57(d), Code, 10 U.S.C. § 857(d), *supra*; Paragraph 88f, Manual for Courts-Martial 1969 (Rev.); *United States v. Brownd,* 6 M.J. 338 (C.M.A.1979); *United States v. Stokes,* 8 M.J. 694 (A.F.C.M.R. 5 December 1979). However, since accused's confinement has long since expired and the sentence is otherwise appropriate, the issue is moot and we decline to order any relief. *United States v. Brownd, supra.*

The remaining assignments of error are without merit. On the basis of the entire

record, the findings of guilty and the sentence are

AFFIRMED.