**UNITED STATES, Appellee,**

v.

**Specialist Four (E–4) Eugene K. YOUNG, SSN 404–92–4281, United States Army, Appellant.**

**CM 438462.**

U. S. Army Court of Military Review.

16 Jan. 1980.

Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel John F. Lymburner, JAGC, and Major Lawrence D. Galehouse, JAGC, were on the pleadings for appellant.

Lieutenant Colonel R. R. Boller, JAGC, Major David McNeill, Jr., JAGC, Captain Brian X. Bush, JAGC, and Captain Michael C. Chapman, JAGC, were on the pleadings for appellee.

Before CARNE, O'DONNELL and DRIBBEN, Appellate Military Judges.

## OPINION OF THE COURT

O'DONNELL, Judge:

█ The appellant was convicted of wrongfully possessing, transferring, and selling .04 grams of heroin, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. His sentence to dishonorable discharge, forfeiture of all pay and allowances, confinement at hard labor for five years, and reduction to the lowest enlisted grade was approved by the convening authority.[1]

At trial, an undercover operative for the criminal investigators, Private John Kemper, testified that on the date in question he first attempted to purchase heroin from a soldier named Benson, from whom he had previously made a controlled purchase. This time, Benson had none and suggested that Kemper see the appellant. Kemper did so and bought the heroin which is the subject of the instant charges. Kemper had not previously met the appellant.

In his argument on the sentence, the appellant's civilian defense counsel stated that there "is no evidence before you of any significant involvement with drugs whatsoever, in fact the evidence is quite contrary." The trial counsel in turn referred several times to the appellant as a "heroin pusher" and argued in part as follows:

> Gentlemen, the defense counsel has argued that there is no evidence of significant involvement with drugs. I'd like you to reflect on the evidence. What does it show? It shows a man who can be approached by a total stranger with a code word or a pass word or whatever it was, Big Ben sent me, Benson, Brother Benson sent me. And that's good enough to get him to sell dope to this total stranger.

> He's got it on hand to sell it to this total stranger. It's sort of a little referral system going on. When one pusher doesn't have it send him to the other pusher. That's evidence of involvement in drugs.

1. The military judge correctly held the offenses to be multiplicious for sentencing purposes.

The Government contends that the trial counsel's comments are supported by the evidence and constitute proper rebuttal to the defense counsel's claim of no previous involvement by the appellant in drug activities. Although the remarks of the defense counsel are somewhat ambiguous, they are susceptible to the interpretation advanced by the Government. As such, the trial counsel could properly rebut the assertion in his argument, but any rebuttal would have to be limited to evidence adduced at trial or to logical inferences to be drawn therefrom. The trial counsel exceeded these limits. There is no direct evidence that the appellant is a "heroin pusher" in the generally accepted sense of one who engages in the selling of heroin on a continuing basis. And the evidence that Benson referred Kemper to the appellant and that the appellant sold the drug is too tenuous to support a conclusion that the appellant was a "heroin pusher" who had engaged in previous sales. *See United States v. Sitton*, 4 M.J. 726 (A.F.C.M.R. 1977). This unwarranted inference by the trial counsel was sufficiently inflammatory to require a *sua sponte* instruction by the judge, cautioning the members to disregard the trial counsel's remarks. *United States v. Mills*, 7 M.J. 664 (A.C.M.R.1979); *United States v. Sitton, supra*. His failure to do so requires sentence reassessment.[2]

The findings of guilty are affirmed. Reassessing the sentence on the basis of the above error and the entire record, the Court affirms only so much of the sentence as provides for dishonorable discharge, forfeiture of all pay and allowances, confinement at hard labor for four years, and reduction to the lowest enlisted grade.

Senior Judge CARNE and Judge DRIBBEN concur.

2. The military judge was not required to give limiting instructions on the merits, as the testimony of Kemper did not cover any uncharged misconduct. This element was first injected by the trial counsel in his argument on the sentence.