**UNITED STATES**

**v.**

**Airman First Class Robert A. KENT, FR 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, United States Air Force.**

**ACM 22727.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 26 Feb. 1980.

Decided 3 July 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Major Wade B. Morrison.

Appellate Counsel for the United States: Colonel James P. Porter.

Before EARLY, POWELL and MAHONEY, Appellate Military Judges.

## DECISION

MAHONEY, Judge:

Pursuant to negotiated pleas of guilty, the accused stands convicted by general court-martial, military judge alone, as an accessory after-the-fact to the larceny of two sleeping bags (of a total value of $87.99) from the base exchange warehouse, and making a false official statement and falsely swearing to it, in violation of Articles 78, 107, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 878, 907, 934. The adjudged and approved sentence is a bad conduct discharge, confinement at hard labor for 4 months, forfeiture of $299.00 per month for 4 months, and reduction airman basic.[1] Except for the question of sentence appropriateness, discussed herein, we find no errors prejudicial to the accused's substantial rights.

The principal actor in the larceny was a Sergeant Bruce T. Carroll, who took the sleeping bags after finishing a repair job at the warehouse. After returning to his duty section he noticed security police surveillance on his vehicle, and requested the accused's assistance in escaping the long arm of the law. The accused agreed to help, and as a result of their quickly-formulated plan, he went to the base exchange and purchased two identical sleeping bags. Several days later, after the investigation had focused on Sergeant Carroll, the accused went to the security police investigators and claimed that he owned the two sleeping bags they had seized from Carroll's vehicle. To bolster his claim he produced the sales receipt for the two sleeping bags he had purchased on the day of the theft. The false information provided by the accused was subsequently reduced to a signed sworn statement. A week later, after consulting with his commander, the accused, at his own initiative, returned to the security police investigators and related the true story.

Sergeant Carroll was tried by special court-martial and convicted of larceny of the sleeping bags. He was sentenced to 30 days confinement at hard labor, forfeiture of $250.00, and reduction to airman basic. The convening authority remitted the forfeiture and approved the rest of the sentence.[2] Prior to the accused's trial, Carroll was administratively separated from the Air Force with an honorable discharge.

In discussing the adjudged sentence in his review, the staff judge advocate noted that the adjudged sentence in Carroll's case was "substantially lighter." In making his recommendation as to sentence, the staff judge advocate further stated that "while I empathize with [the accused's] concern as to the relatively light sentence meted to his co-actor, he must be aware, as must we all, that each case must be decided upon its own merits." In his response to the staff judge advocate's review, the trial defense counsel incorporated by reference an earlier clemency petition wherein he stated that "while I am aware that the sentence in each case must individually reflect the facts and circumstances of that case, the interests of justice demand that persons similarly culpable receive similar punishments."[3]

With this background, we undertake an examination of the appropriateness of the accused's sentence. Article 66(c), Uniform

---

1. The pre-trial agreement between the accused and the convening authority provided for dismissal of numerous related specifications, all of which would have been multiplicious for findings and/or sentence. The agreement contained no limitation upon the maximum sentence which could be approved by the convening authority.

2. The officer who convened the court in Carroll's case was subordinate in command to the convening authority in the accused's case.

3. In his addendum to the review, the staff judge advocate stated: "counsel also directs your attention to the sentence approved in the case of the accused's co-actor, Sergeant Carroll, which was 30 days confinement and a reduction from sergeant to airman basic . . . you must consider the matters presented by counsel, . . . . I have considered them and nonetheless adhere to my previous recommendations. . . . ."

Code of Military Justice. Initially, we have no hesitancy in concluding that the sentence adjudged by the trial court was well within the bounds appropriate for this accused for the offenses of which he stands convicted.[4] *United States v. Wilson*, 9 U.S.C.M.A. 223, 26 C.M.R. 3 (1958); *United States v. Perkins*, 40 C.M.R. 885 (A.C.M.R.1969).

The basic rule, alluded to in the review of the staff judge advocate, is that courts-martial are not permitted to consider sentences in other cases in determining an appropriate sentence for the accused before them. *United States v. Slack*, 12 U.S.C.M.A. 244, 30 C.M.R. 244 (1961); *United States v. Mamaluy*, 10 U.S.C.M.A. 102, 27 C.M.R. 176 (1959).[5] Normally the same rule applies to the action of the convening authority and this Court in approving or affirming a sentence. As pointed out by the trial defense counsel, however, an exception is recognized in closely related or connected cases with highly disparate sentences. *United States v. Capps*, 1 M.J. 1184 (A.F.C.M.R.1976).

> "In such cases, especially where on the surface there appears to be no particular reason for the great disparity, fundamental interests of fairness and justice to the accused require consideration of the other sentences in the overall determination of sentence appropriateness."

*Id.* at 1187.

The applicability of this principle is dependent, *first*, upon a correlation between each of the accused and their respective offenses. This relationship must be *direct* with regard to both the offenses and offenders. Thus we have held that there is no requirement for sentence comparison where each accused, acting independently in conjunction with a common third party, commits a separate but similar offense. *United States v. Wood*, 7 M.J. 885 (A.F.C.M.R.1979). Usually each accused is a principal, but their legal roles (as aider and abettor, principal, or accessory after-the-fact) need not be identical, providing the gist of the basic unlawful activity is "closely related or connected." Here, the gist of the accused's offense was to unlawfully thwart the punishment of Carroll for the offense of which he stands convicted.[6] In these circumstances we are satisfied that the accused's case was closely related and connected to that of Carroll.[7]

The *second* requirement for applicability of this principle is the existence of highly disparate sentences. We are satisfied, in the circumstances of these cases, that the sentences are, on their faces, highly disparate. *United States v. De Los Santos*, 3 M.J. 829 (A.F.C.M.R.1977). While the presence of the bad conduct discharge in the accused's case, and its absence in the case of the actual thief, is not controlling, we do note that a bad conduct discharge adjudged by a general court-martial may be equated to one year's confinement at hard labor. *See, United States v. Brown*, 13 U.S.C.M.A.

---

4. The three offenses of which the accused stands convicted were determined by the military judge to be multiplicious for sentencing purposes. See note 6 *infra*.

5. Conflicting guidance in Paragraph 76a was deleted in the 1969 revision of the Manual for Courts-Martial.

6. The basic specification alleges in pertinent part that "in order to hinder the punishment of the said Sergeant Bruce T. Carroll, [the accused assisted] the said Sergeant Bruce T. Carroll by informing [a] Security Police Investigator . . . that the two sleeping bags seized by said [investigator] on 17 October 1979 were his property . . . ." The basis of the other two specifications was that when the accused falsely informed the investigator, it was in regard to an official matter, and it was falsely sworn to by the accused. In our view the military judge correctly determined these offenses to be multi-plicious for sentence purposes. The fact that the maximum punishment imposable was determined to include 3 years confinement based upon the offense of false swearing, instead of 1 year confinement for the accessory offense, is *not controlling upon our determination* that the gist of the offense was acting as an accessory after-the-fact.

7. We do not purport to establish a mechanical rule whereby one may determine whether a given case is "closely related or connected" to another. Had the accused committed a crime of violence, for example, in his unlawful effort to aid Carroll, we would not likely view the cases as "closely related or connected." Common sense must prevail in this determination, as well as in the determination as to whether two given sentences are "highly disparate."

333, 32 C.M.R. 333 (1962); *United States v. Johnson*, 12 U.S.C.M.A. 640, 31 C.M.R. 226 (1962).

Having determined that the accused's case passes the threshold for sentence comparison, the *third* requirement, essential for sentence amelioration, is there exists no "good and cogent reasons for [the] substantial difference in punishment as between the two offenders." *United States v. Capps, supra* at 1188. In regard to criminal culpability, the accused's guilt as an accessory after-the-fact was based upon making the falsely sworn and official statement of which he also stands convicted. Hence, despite the fact of conviction of those additional offenses, the accused's criminal culpability is no greater than that of Sergeant Carroll.[8] The remaining question is whether other matters pertaining to Sergeant Carroll, in his record of trial, warrant the disparity in approved sentences. Looking to the accused's record, we find he had almost three years' service as a welder. Two supervisors testified favorably as to his duty performance, and two Airman Performance Reports (AF Form 909) portray him as a good airman who has overcome minor initial problems in adapting to the military. The prosecution offered no information adverse to the accused during the sentencing portion of the trial. The post-trial clemency report, and all recommendations therein, were favorable. Finding nothing in the record adverse to the accused, we do not deem it necessary to send for and compare the record of Carroll's trial. *See, United States v. Capps, supra* at 1188, note 2 and accompanying text; *United States v. Perkins*, 40 C.M.R. 885 (A.C.M.R.1969). We find there is no "good and cogent" reason for the disparity in the approved sentences.

8. See notes 6 and 7, *supra*. Indeed, this Court could dismiss the charges determined to be multiplicious for sentencing purposes. *United States v. Williams*, 18 U.S.C.M.A. 78, 39 C.M.R. 78 (1968).

9. Where the issue of sentence comparison is reasonably raised, it is incumbent upon the staff judge advocate to fully discuss it in his post-trial review. Where the convening authority might reasonably conclude that the

The foregoing analysis leads to the conclusion that the advice to the convening authority concerning his duty to determine an appropriate sentence was prejudicially deficient.[9] Normally we would return the record for a new review and action. *United States v. De Los Santos, supra* at 831. However, since our analysis also has led us to the conclusion that action to ameliorate the sentence disparity is required, we will take that action rather than further prolong the proceedings. The bad conduct discharge is hereby set aside. The findings, and so much of the sentence as provides for confinement at hard labor for 4 months, forfeiture of $299.00 per month for 4 months, and reduction to airman basic are

AFFIRMED.

EARLY, Chief Judge, and POWELL, Judge, concur.

cases are "closely related or connected," and the sentences are "highly disparate," the facts and circumstances of the earlier trial involving lesser punishment must be set forth and discussed in the review so that the convening authority may determine whether amelioration of the sentence in the case under review is required or appropriate. *United States v. McPherson*, 2 M.J. 755 (A.F.C.M.R.1977); *United States v. Capps, supra*.