**UNITED STATES**

v.

**Senior Airman Robert G. REXROAD, FR 234–92–7979 United States Air Force.**

**ACM 22635.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 28 Sept. 1979.

Decided 4 Sept. 1980.

Appellate Counsel for the Accused: Mr. Jeffrey Denner, Boston, Massachusetts, Colonel Larry G. Stephens and Major Wade B. Morrison.

Appellate Counsel for the United States: Colonel James P. Porter, Major Robert T. Mounts and Captain James R. Van Orsdol.

Before EARLY, ARROWOOD and MILES, Appellate Military Judges.

## DECISION

MILES, Judge:

Contrary to his pleas, the accused was convicted of perjury in violation of Article 131, Uniform Code of Military Justice, 10 U.S.C. § 931. The approved sentence extends to a bad conduct discharge, confinement at hard labor for two years, total forfeitures and reduction to airman basic.

Despite the lack of objection at trial, the accused's counsel now asserts that the admission into evidence of the accused's testimony at another airman's trial, the basis of the perjury charge, was error. We disagree, and hold that the lack of warnings preceding the accused's testimony, as to his rights under Article 31, Code, *supra*, 10 U.S.C. § 831, or his constitutional right against self–incrimination, did not preclude the admission of that testimony or the accused's conviction for perjury.

We also reject appellate defense counsel's claim that accused's sentence, for reasons of fundamental fairness, must be compared with sentences of other persons.

The accused, Airman Ennis, and others were suspected of assaulting an Airman Haralson. The accused was tried and acquitted of this offense. Subsequently, Ennis was tried and convicted of the assault. Then the accused was tried for his perjuri-

ous alibi testimony at the Ennis trial.* After his perjury trial, the accused submitted an affidavit to this Court asserting that military and civilian counsel for Ennis told him that he could be prosecuted if he did not testify and answer questions asked. The accused also maintains that neither counsel told him of his right to remain silent if the answer might incriminate him.

██ In essence, the accused claims he was compelled to commit perjury at the trial of Ennis because he was not warned as to his constitutional and statutory rights against self–incrimination. The accused recognizes the military judge had no obligation to warn him of his rights against self–incrimination under the Constitution or Article 31, Code, *supra*. Manual for Courts–Martial, 1969 (Rev.), paragraph 140a(2); *United States v. Howard*, 5 U.S.C.M.A. 186, 17 C.M.R. 186 (1954). Instead, the accused relies on an asserted obligation of Ennis's counsel to do so.

Although they may properly do so, civilian defense counsel do not generally have any obligation to advise witnesses of their right against self–incrimination. ABA Standards, The Defense Function, § 4.3(b) (1971). However, military officers serving as defense counsel may well have a duty to do so, and in any event can not deliberately seek incriminating answers from witnesses unrepresented by counsel. *United States v. Milburn*, 8 M.J. 110 (C.M.A.1979).

Here, the defense counsel representing Ennis were seeking to defend their client, not entrap the accused. There is no allegation that counsel representing Ennis knew that the alibi testimony of the accused was perjurious. Unless they suspected ꞌthat, they had no reason to suspect the accused of an offense and thereby advise him of his rights against self–incrimination.

Even assuming the accused's lack of knowledge of his rights against self–incrimination, and a duty on the part of Ennis's defense counsel to warn him of these rights,

the accused's perjury remained criminal and punishable. The Supreme Court of the United States has rejected claims of witnesses convicted of perjury that they were inadequately advised of their right against self–incrimination prior to their testimony. *United States v. Wong*, 431 U.S. 174, 97 S.Ct. 1823, 52 L.Ed.2d 231 (1977); *United States v. Mandujano*, 425 U.S. 564, 96 S.Ct. 1768, 48 L.Ed.2d 212 (1976).

Speaking for a unanimous court, Chief Justice Burger stated:

> [T]he Fifth Amendment privilege does not condone perjury. It grants a privilege to remain silent without risking contempt, but "it does not endow the person who testifies with a license to commit perjury." *Glickstein v. United States*, 222 U.S. 139, 142, [32 S.Ct. 71, 56 L.Ed. 178] (1911). The failure to provide a warning of the privilege, in addition to the oath to tell the truth, does not call for a different result.

> \* \* \* \* \* \*

> Indeed, even if the government could, on pain of criminal sanctions, compel an answer to its incriminating questions, a citizen is not at liberty to answer falsely. *United States v. Knox, supra*, at 82–83, [396 U.S. 77, 82, [90 S.Ct. 363, 24 L.Ed.2d 275] (1968)]. If the citizen answers the question, the answer must be truthful. *United States v. Wong, supra*, at 178, 180, 97 S.Ct. at 1825.

██ Appellate defense counsel also claim error in the staff judge advocate's review. Citing our recent decision in *United States v. Kent*, 9 M.J. 836 (A.F.C.M.R.1980), they claim that fundamental fairness required that accused's sentence for perjury be compared with Ennis's sentence for assault. This assignment of error is without merit. Our decision in *United States v. Kent, supra*, is inapposite. That case involved peculiar circumstances where the gist of ac-

---

* Another person had also been allegedly assaulted in connection with the assault on Haralson. Accused, in addition to perjury, was also tried for this assault as well as conspiracy to assault Haralson. The conspiracy offense was dismissed based on res judicata; accused was acquitted of the other assault but convicted of perjury.

cused's false statement offense was guilt as an accessory after the fact. Here, there is no correlation, let alone direct comparability, between accused's perjury and the assault by Ennis. Perjury is punishable "to keep the process of justice free from the contamination of false testimony. It is for the wrong done to the courts and the administration of justice that punishment is given, not for the effect that any particular testimony might have on the outcome of any given trial." *United States v. Manfredonia*, 414 F.2d 760, at 764 (2nd Cir. 1969).

Accordingly, the findings of guilty and the sentence are

AFFIRMED.

EARLY, Chief Judge and ARROWOOD, Senior Judge, concur.