**UNITED STATES, Appellee,**

v.

**Specialist Four Patrick L. SCANTLAND, SSN 452–23–8689, United States Army, Appellant.**

**CM 441346.**

U. S. Army Court of Military Review.

23 July 1982.

Captain Joseph A. Russelburg, JAGC, argued the cause for the appellant. With him on the brief were Major Raymond C. Ruppert, JAGC, and Captain Brett L. Antonides, JAGC.

Captain Michael E. Pfau, JAGC, argued the cause for the appellee. With him on the brief were Major John T. Edwards, JAGC, and Captain Paul K. Cascio, JAGC.

Before O'DONNELL, FOREMAN and COHEN, Appellate Military Judges.

## OPINION OF THE COURT

O'DONNELL, Senior Judge:

The appellant was convicted of attempted murder and conspiracy to commit premeditated murder in violation of Articles 80 and 81 of the Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 881. The court sentenced him to a bad-conduct discharge, confinement at hard labor for 15 years, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. The convening authority reduced the confinement to eight years and approved the remainder of the sentence as adjudged.

■ The charges were originally referred for trial by a general court-martial convened by Court-Martial Convening Order Number 6, Headquarters V Corps, dated 8 January 1981. A different military judge was detailed by Court-Martial Convening Order Number 54, dated 6 April 1981. On 15 April, during the initial Article 39(a), 10 U.S.C. § 839(a) hearing, the military judge held the appellant's guilty pleas to be improvident and entered pleas of not guilty. Because he felt that the court-members might have known that the appellant had attempted to plead guilty, the judge recommended on the record that the convening authority designate a different panel to hear the contested case.

Thereafter, the convening authority directed that the charges be "re-referred" to the court-martial convened by Court-Martial Convening Order Number 64, dated 27 April 1981. The convening authority also directed that the court members detailed by Court-Martial Convening Order Number 6 be excused for this case only. The "re-re-

ferral" was reflected by a new indorsement on the charge sheet. Court-Martial Convening Order Number 64 convened a court-martial composed of the same military judge and counsel but a completely different panel of members.[1]

At the second Article 39(a) session held on 6 May 1981, the appellant again entered pleas of guilty which this time were accepted by the military judge. The sentence was adjudged by court members detailed by Court-Martial Convening Order Number 64.

The appellant now contends for the first time that the convening authority in effect withdrew the charges from the original court and re-referred them to the second court without a showing of good cause on the record as required by paragraph 56b, Manual for Courts-Martial, United States, 1969 (Revised edition). We disagree.

The Manual for Courts-Martial draws a distinction between a substitution of court members and a withdrawal of a case from one court and a re-referral to another. Thus, paragraph 37a of the Manual provides that the convening authority may, and indeed should, from time to time change the composition of the court. In exercising this judicial function, however, he is bound by Article 29(a) of the Code, 10 U.S.C. § 829(a) which directs that members of a special or general court-martial may not be absent or excused after the court has been assembled "except for physical disability or as a result of a challenge or by order of the convening authority for good cause." In such a case, the good cause is to be made a matter of record. Paragraph 37b, Manual, supra. With respect to a withdrawal of charges, the Manual provides at paragraph 56b that the convening authority may not withdraw charges after trial has commenced except for good cause which likewise must be made a matter of record. If all charges are withdrawn with a view to further prosecution, it must be done because of military necessity

1. In an affidavit filed with this Court, the staff judge advocate stated that the convening authority intended only to substitute court members and not to withdraw the charges from the original court.

or "other good cause in the interest of justice." [2]

Notwithstanding the imprecise language employed, we find that under the facts of this case the action of the convening authority constituted a substitution of members and not a withdrawal of charges. As the change took place before assembly of the court, good cause did not have to be demonstrated. Article 29(a), Code, *supra*; paragraph 37*b, Manual, supra*.[3]

Our determination in this regard finds support in a recent decision of the Court of Military Appeals. *United States v. Ellison*, 13 M.J. 90 (C.M.A.1982). In that case, the Court concluded that a change in the membership of the court-martial after the accused had absented himself did not create a different court and therefore did not preclude the court-martial from continuing the trial *in absentia*. The Court held in essence that paragraph 37*b* of the Manual permits a change in membership before assembly without a showing of good cause.[4]

■ Finally, the appellant asks us to provide sentence relief because of the disparity between his sentence (bad-conduct discharge, confinement at hard labor for eight years, total forfeitures, and reduction to the lowest enlisted grade) and that of his accomplice, Private First Class Romeo Morina (dishonorable discharge, confinement at hard labor for four years, total forfeitures, and reduction to the lowest enlisted grade). We are familiar with those decisions which hold that disparity between sentences in closely related cases may require a comparison of the sentences in determining sentence appropriateness. *See, e.g., United States v. Capps*, 1 M.J. 1184 (A.F.C.M.R. 1976), and cases cited therein. But the process is not a mechanical one.

■ The disparity in this case may be due more to the extreme leniency in Morina's case rather than extreme severity in that of the appellant's. Article 66 of the Code, 10 U.S.C. § 866 does not require us to grant unwarranted relief to an appellant as a remedy for the lenient sentence given to a more culpable co-actor. The fundamental question is whether an appellant's sentence is appropriate under the circumstances of the particular case.

■ We hold that the appellant's sentence in this case is appropriate for the serious offenses of which he stands convicted. True, his guilt of the attempted murder specification is based on his actions as an aider and abettor. But, on the other hand, the record reflects that the appellant participated in this venture for monetary gain. Moreover, it is significant that the appellant's approved sentence to confinement is in accordance with a pretrial agreement between him and the convening authority. As the Court of Military Appeals noted in *United States v. Hendon*, 6 M.J. 171, 175 (C.M.A.1979), "[a]bsent evidence to the contrary, accused's own sentence proposal is a reasonable indication of its probable fairness to him."

The findings of guilty and the sentence are AFFIRMED.

Judge FOREMAN and Judge COHEN concur.

2. In *United States v. Hardy*, 4 M.J. 20, 25 (C.M.A.1977), the Court of Military Appeals mandated "an affirmative showing on the record of the reason for withdrawal and re-referral of any specification" without regard to when the withdrawal takes place.

3. In any event, we are satisfied that good cause was shown on the record as the judge suggested the change in composition to insure that the members were untainted.

4. The difficulties encountered in this case would have been obviated by use of an amending order as suggested in paragraph 37*c* rather than a re-referral.