**666**

UNITED STATES

v.

**Airman Basic Remy E. THEBERGE, FR 019–50–7702 United States Air Force.**

**ACM 23646.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 1 July 1982.

Decided 12 Jan. 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens, and Captain Robert L. Kuster.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Major George D. Cato and Major Victor A. Sulin, USAFR.

Before HODGSON, HEMINGWAY and MILLER, Appellate Military Judges.

DECISION

PER CURIAM:

Consistent with his pleas, the accused was convicted by general court-martial of wrongfully possessing, transferring and using cocaine, wrongfully possessing and using marijuana, and absence without leave, in violation of Articles 134 and 86, U.C.M.J., 10 U.S.C. §§ 934 and 886. As the result of a pretrial agreement, the approved sentence extends to a bad conduct discharge, confinement at hard labor for three years, and forfeitures of $367 per month for three years.

Appellate defense counsel urge as error the following statement in the staff judge advocate's review:

(1) First, defense counsel asserts you should compare the accused's sentence with the sentence received by other drug offenders at Travis AFB. He contends that the accused received a disproportionate sentence in comparison. Defense counsel is wrong on the law. As the officer exercising general court-martial jurisdiction, you are precluded from making such comparisons. *United States v. Slack,* 12 C.M.A. 244, 30 C.M.R. 244 (1961); *United States v. Mamaluy,* 10 C.M.A. 102, 27 C.M.R. 176 (1959). The only exception to this rule would exist if there were closely related or connected cases. *United States v. Capps.* 1 M.J. 1184 (A.F.C.M.R.1976). There must be, however, a direct correlation between each accused and their offenses. *United States v. Kent,* 9 M.J. 836, 838 (A.F.C.M. R.1980). The accused's offenses lack a direct correlation with another offender and thus the exception to the general rule is not triggered.

Appellate counsel agree that the advice was correct, but argue that such a rule

unduly fetters a convening authority in assessing the appropriateness of a particular sentence. See Article 64, U.C.M.J., 10 U.S.C. § 864.

 In *United States v. Capps,* 1 M.J. 1184 (A.F.C.M.R.1976), we stated that normally a convening authority is not permitted to consider sentences in other cases in determining an appropriate sentence for an accused whose trial is being reviewed. However, an exception was recognized in closely-related or connected cases with highly disparate sentences. The accused seeks to gain the benefit of this exception by urging that "... ten individuals involved in drugs and drug transfers are not so different as ten co-conspirators in a larceny ring." He argues that the accused's sentence should be compared with the sentences adjudged other drug offenders. We do not agree. As Judge Orser said in *United States v. Capps, supra:*

> Each case is unique. Thus seldom, if ever, is the sentence imposed in one case truly relevant to that which should be adjudged in another. It is only in the most unusual of circumstances that sentences in other cases are germane to the question of what sentence should be approved in a case under review.

at page 1187.

In the past we have limited sentence comparison to those unique situations where there is a *direct relationship* between all accused and offenses and highly disparate approved sentences *United States v. Harden,* 14 M.J. 598 (A.F.C.M.R.1982). We have no *direct relationship* here, and we decline to expand the sentence comparison rule beyond the exception discussed above. *See generally United States v. Snelling,* 14 M.J. 267 (C.M.A.1982); see *United States v. Scantland,* 14 M.J. 531 (A.C.M.R.1982); *United States v. Kent,* 9 M.J. 836 (A.F.C.M.R.1980).

We have considered the remaining assigned error and have resolved it adversely to the accused.* The findings of guilty and the sentence are

AFFIRMED.

* The Government's MOTION FOR LEAVE TO FILE AFFIDAVIT is GRANTED.