UNITED STATES

v.

**Sergeant Sherry J. SMITH, FR 408–21–8861 United States Air Force.**

**ACM 23678.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 18 Aug. 1982.

Decided 18 March 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens, Major William H. Lamb, and Major Alfred E.T. Rusch, USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Michael J. Hoover.

Before HEMINGWAY, CANELLOS and RAICHLE, Appellate Military Judges.

DECISION

RAICHLE, Judge:

In accordance with her pleas, the accused was convicted by general court-martial, military judge alone, of conspiracy to commit larceny, larceny of $900.00, and false swearing, violations of Articles 81, 121, and 134, U.C.M.J., 10 U.S.C. §§ 881, 921, 934 respectively. The approved sentence is a bad conduct discharge, confinement at hard labor for eight months, forfeiture of $300.00 per month for six months and reduction to airman first class.

The accused conspired with Mrs. J, the slot machine game room cashier at the noncommissioned officers club, to steal money from the club by falsifying jackpot voucher forms. Over a five month period the accused signed approximately 24 such forms. These forms were then used by Mrs. J to obtain payments from the club. The total amount of money involved in the thefts amounted to $900.00, of which the accused received only $37.00. The remainder was retained by Mrs. J.

In addition to the accused, six other persons were involved in similar schemes with Mrs. J. Appellate defense counsel have denominated the overall scheme as a "spoke-conspiracy," with Mrs. J being at the hub and the accused and the other actors as "spokes" to her fraud. None of these other

persons received a sentence as severe as that received by the accused in that none of their sentences included a punitive discharge.

■ Citing *United States v. Kent,* 9 M.J. 836 (A.F.C.M.R.1980), the accused now argues that a new post-trial review is required because the staff judge advocate failed to discuss the high disparity of sentences with these other cases. We disagree.

As stated in *United States v. Capps,* 1 M.J. 1184 (A.F.C.M.R.1976):

> The factors that must be evaluated in determining an appropriate sentence for the particular offender in light of the offenses and the facts and circumstances of the case are numerous and complex. Each case is unique. Thus seldom, if ever, is the sentence imposed in one case truly relevant to that which should be adjudged in another. It is only in the most unusual of circumstances that sentences in other cases are germane to the question of what sentence should be approved in a case under review.

An exception to the general rule against sentence comparison with other cases in order to determine sentence appropriateness arises when the other cases are connected or closely related and the sentences are truly disparate. *Id.* at 1187. Before the exception applies, however, three requirements must be met: (1) there must be a direct correlation between each of the accused and their respective offenses; (2) the sentences must be highly disparate; and (3) there must exist no good and cogent reasons for the substantial difference in punishment as between the two offenders. *United States v. Capps, supra,* and cases cited therein.

In the case *sub judice* we find that the exception to the general rule does not apply because the first requirement is not met. We have previously held that sentence comparison is not required when each accused, acting independently in conjunction with a third person, commits a separate but similar offense. *United States v. Wood,* 7 M.J. 885 (A.F.C.M.R.), *pet. denied,* 8 M.J. 97 (1979). That is precisely the situation here. The accused acted independently of all other parties except Mrs. J. There is no evidence that the accused was even aware of the existence of any other actors. Thus, we see no requirement to compare the sentence of this accused with the sentences received by any other of Mrs. J's co-conspirators.

■ While it could be argued that the accused's sentence should be compared to any military sentence received by Mrs. J, she is not amenable to trial by court-martial since she is a civilian dependent. Thus there is no sentence to be compared.

Since sentence comparison was not required, there is no necessity for a new review and action. We conclude that, considering all the facts and circumstances of this case, the accused's sentence was clearly appropriate. Accordingly, the approved findings of guilty and sentence are

AFFIRMED.